IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07CR339 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| v. | ) | |
| | ) | Title 15, United States Code, Section 80b-6 |
| | ) | |
| MARK D. LAY, | ) | Title 18, United States Code, Sections, |
| | ) | 1349 and 1341 |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

Now comes the United States of America, by and through its counsel, respectfully requests that the Court charge the jury with the following instructions.

The United States reserves the right to submit amended, additional or alternative instructions on any aspect of this case should the Court or the circumstances require.

Attached to the proposed jury instructions are the instructions as read to the juries in United States v. Nathan Chapman, 209 Fed. Appx. 253 (4th Cir. 2006) (Honorable William P. Quaries, Jr.) (Charging investment advisory mail and wire fraud) (Ex.1) and United States v.

-ii-

<u>William P. Branston</u>, 97 CR 111 (SDNY 1998) (trial transcript) (Honorable Loretta A. Preska)

(charging investment advisory fraud, et al.) (Ex. 2).

Respectfully submitted,

GREGORY A. WHITE
United States Attorney


<u>/s/ Benita Y. Pearson</u>
Benita Y. Pearson (0065709)
Antoinette T. Bacon (DC: 474696)
Assistant U.S. Attorneys, NDOH
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio  44113
Email: Benita.Pearson@usdoj.gov
Email: Antoinette.Bacon@usdoj.gov
Telephone: (216) 622-3919/622-3966
Fax: (216) 522-7358

-iii-

### INDEX OF PROPOSED JURY INSTRUCTIONS

<u>INSTRUCTION</u>                                                                                   <u>PAGE</u>
    <u>NUMBER</u>

1 **Introduction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2 **Juror's Duties** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3 **Presumption of Innocence Burden of Proof Reasonable Doubt** . . . . . . . . . . . . . . . . . . . . . 3

4 **Evidence Defined** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5 **Consideration of Evidence** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6 **Stipulations** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

7 **Direct and Circumstantial Evidence** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

8 **Credibility of Witnesses** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

9 **Number of Witnesses** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

10 **Lawyers' Objections** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

11 **Introduction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

12 **Separate Consideration–Single Defendant Charged With Multiple Crimes** . . . . . . . . . 15

13 **Overview of the Indictment** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

14 **Investment Advisers' Fraud, 15 U.S.C. §§ 80b-6**
    **The Nature of the Offense Charged in Count One** . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

15 **Investment Advisers' Fraud, 15 U.S.C. § 80b-6**
    **The Statute Defining the Offense Charged in Count One** . . . . . . . . . . . . . . . . . . . . . . 19

16 **Investment Advisers' Fraud, 15 U.S.C. § 80b-6**
    **The Essential Elements of Investment Adviser Fraud** . . . . . . . . . . . . . . . . . . . . . . . . 20

17 **Investment Advisers' Fraud, 15 U.S.C. § 80b-6 First Element Explained** . . . . . . . . . . 22

18 **Investment Advisers' Fraud, 15 U.S.C. § 80b-6 First Element Continued** . . . . . . . . . . 23

-iv-

19 **Investment Advisers' Fraud, 15 U.S.C. § 80b-6**
**Second Element -Existence of a Device, Scheme, or Artifice to Defraud** . . . . . . . 24

20 **Investment Advisers' Fraud, 15 U.S.C. § 80b** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

21 **Investment Advisers' Fraud, 15 U.S.C. § 80b-6 Second Element-Existence of a Device,**
**Scheme, or Artifice to Defraud Explained** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

22 **Investment Advisers' Fraud, 15 U.S.C. § 80b-6 Third Element - Requisite Intent** . . . . 32

23 **Investment Advisers' Fraud, 15 U.S.C. § 80b-6 Third Element- Requisite Intend,**
**Continued** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

24 **Investment Advisers' Fraud, 15 U.S.C. § 80b-6 Fourth Element-**
**Use of Mails or Other Means or Instrumentalities of Interstate Commerce** . . . . 34

25 **" Materiality"- defined** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

26 **Good Faith Defense** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

27 **Reckless Disregard** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

28 **Count Two – Conspiracy** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

29 **The Statute Defining the Offenses Charged in Count 2** . . . . . . . . . . . . . . . . . . . . . . . . . 45

30 **Conspiracy - A Criminal Partnership** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

31 **Relationship Between Substantive Offense and Conspiracy to Commit Offense** . . . . . 47

32 **"Conspiracy" or "Agreement" Existed** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

33 **A Defendant's Connection to the Conspiracy** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

34 **Unindicted, Unnamed or Separately Tried Co-Coconspirators** . . . . . . . . . . . . . . . . . . . 52

35 **Impossibility of Success** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

36 **Section 1349 Conspiracy: Basic Elements** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

37 **Overt Acts** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

38 **Conspiracy Venue** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

-v-

39 **Purpose of the Wire and Mail Fraud Statutes** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

40 **Mail Fraud: Elements of the Offenses** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

41 **Aiding and Abetting** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

42 **Explanation of Additional Terms Used in Count 3 and 4**
 **Participation in Scheme with Intent** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

43 **"On or About"/ "In or About" / "Approximate" Amounts** . . . . . . . . . . . . . . . . . . . . . . 64

44 **Deliberate Ignorance** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

45 **Transition from Substantive Instructions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

46 **Defendant's Failure to Testify (if applicable)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67

47 **Defendant's Testimony** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

48 **Expert Testimony** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

49 **Other Acts of Defendant** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

50 **Impeachment by Prior Inconsistent Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

51 **Impeachment of a Witness Other than Defendant by Prior Conviction** . . . . . . . . . . . 72

52 **Secondary - Evidence Summaries Admitted In Evidence** . . . . . . . . . . . . . . . . . . . . . . . 73

53 **Testimony of a Witness under Grant of Immunity or Reduced Criminal Liability** . . . 74

54 **Equal Opportunity or Lack of Opportunity to Call Witnesses** . . . . . . . . . . . . . . . . . . . 75

55 **Deliberations** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

56 **Experiments, Research and Investigation** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

57 **Unanimous Verdict** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

58 **Duty to Deliberate** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

59 **Punishment** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

-vi-

60 **Verdict Form** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 81

61 **Verdict Limited to Charges Against This Defendant** . . . . . . . . . . . . . . . . . . . . . . . . . 82

62 **Court Has No Opinion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

**Plaintiff's Requested Jury Instructions on Forfeiture** . . . . . . . . . . . . . . . . . . . . . . . . . 84

# INSTRUCTION 1

## Introduction

(1)     Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)     I will start by explaining your duties and the general rules that apply in every criminal case.

(3)     Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

[(4)     Then I will explain the defendant's position.]

(5)     Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(6)     And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7)     Please listen very carefully to everything I say.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions No. 1.01, (2005 Edition).

## INSTRUCTION 2

### Juror's Duties

(1)     You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)     Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3)     The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

(4)     Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions No. 1.02, (2005 Edition).  (Each pattern instruction has been modified from "the defendant" to add "each of the defendants" or "the defendants" where applicable.)

2

## INSTRUCTION 3

### Presumption of Innocence Burden of Proof Reasonable Doubt

(1)      As you know, the defendant has pleaded not guilty to the crimes charged in the

indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the

government tells a defendant what crime he is accused of committing. It does not even raise any

suspicion of guilt.

(2)      Instead, a defendant starts the trial with a clean slate, with no evidence at all

against him, and the law presumes a defendant innocent. This presumption of innocence stays

with him unless the government presents evidence here in court that overcomes the presumption,

and convinces you beyond a reasonable doubt that he is guilty.

(3)      This means that a defendant has no obligation to present any evidence at all, or to

prove to you in any way that he is innocent. It is up to the government to prove the defendant is

guilty, and this burden stays on the government from start to finish. You must find a defendant

not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)      The government must prove every element of the crimes charged beyond a

reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible

doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A

reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence,

the lack of evidence, or the nature of the evidence.

(5)      Proof beyond a reasonable doubt means proof which is so convincing that you

would not hesitate to rely and act on it in making the most important decisions in your own lives.

If you are convinced that the government has proved a defendant guilty beyond a reasonable

doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not

guilty verdict.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions No. 1.03, (2005 Edition).

**INSTRUCTION 4**

**Evidence Defined**

(1)     You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the parties agreed to, and any facts that I have judicially noticed.

(3)     Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4)     During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)     There may have been other evidence that was admitted only against certain defendants and not others.  You may only consider such evidence with respect to the defendants against whom it was admitted. You may not consider it in any way against a defendant against whom that evidence was not admitted and must totally disregard it in evaluating the evidence against him.

5

(6)     Make your decision based only on the evidence, as I have defined it here, and nothing else.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions No. 1.04, (modified) (2005 Edition).

**INSTRUCTION 5**

**Consideration of Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.


<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions No. 1.05, (2005 Edition).

**INSTRUCTION 6**

**Stipulations**

(1)     A stipulation is an agreement among the parties that a certain fact is true or a

certain exhibit is what it purports to be.  You should regard such agreed facts or matters as true.


<u>Authority</u>:

      1 Sand, Siffert, Loughlin & Ross, Modern Federal Jury Instructions, Instruction 5-6
      (modified).

**INSTRUCTION 7**

**Direct and Circumstantial Evidence**

(1)      Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)      Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)      Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)      It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions No. 1.06, (2005 Edition).

## INSTRUCTION 8

### Credibility of Witnesses

(1)      Another part of your job as jurors is to decide how credible or believable each

witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was

believable, and how much weight you think it deserves. You are free to believe everything that a

witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in

making these decisions.

(2)      Let me suggest some things for you to consider in evaluating each witness's

testimony.

(A)      Ask yourself if the witness was able to clearly see or hear the events.

Sometimes even an honest witness may not have been able to see or hear what was happening,

and may make a mistake.

(B)      Ask yourself how good the witness's memory seemed to be. Did the

witness seem able to accurately remember what happened?

(C)      Ask yourself if there was anything else that may have interfered with the

witness's ability to perceive or remember the events.

(D)      Ask yourself how the witness acted while testifying. Did the witness

appear honest? Or did the witness appear to be lying?

(E)      Ask yourself if the witness had any relationship to the government or the

defendant, or anything to gain or lose from the case, that might influence the witness's testimony.

Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause

the witness to lie or to slant the testimony in favor of one side or the other.

(F)      Ask yourself if the witness testified inconsistently while on the witness

10

stand, or if the witness said or did something [or failed to say or do something] at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions No. 1.07, (2005 Edition).

**INSTRUCTION 9**

11

**Number of Witnesses**

(1)      One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)      Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions No. 1.08, (2005 Edition).

**INSTRUCTION 10**

**Lawyers' Objections**

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2)     The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)     And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions No. 1.09, (2005 Edition).

13

**INSTRUCTION 11**

**Introduction**

(1)    That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

(2)    But before I do that, I want to emphasize that each defendant is only on trial for the particular crimes charged against him in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged against the defendant.

(3)    Also keep in mind that whether any other person or entity should be prosecuted and convicted of a crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved the defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions No. 2.01, (modified) (2005 Edition).

## INSTRUCTION 12

### Separate Consideration–Single Defendant Charged With Multiple Crimes

(1) The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2) Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions No. 2.01A, (modified) (2005 Edition).

15

## INSTRUCTION 13

### Overview of the Indictment

[The government would prefer that the indictment be read to the jury.  In the alternative, the government suggests the following]:

You will receive a copy of the Superseding Indictment ("Indictment") for your deliberations. Before defining the elements, or parts, of each separate charge,  I will give you an overview of the charges in the Indictment.  The indictment begins with a set of general allegations applicable to all the counts.  It then sets forth the following specific charges.

1.      Count 1 of the indictment charges defendant MARK LAY with violating Section 80b-6 of the Investment Advisers Act of 1940 by committing investment adviser fraud, that is breaching the fiduciary obligations of good faith, loyalty, and fair dealing to his client, the Ohio Bureau of Workers' Compensation ("OBWC").

2.      Count 2 of the indictment charges defendant MARK LAY with conspiring, with others known and unknown, during the period from in or about September 2003 through in or about January 2005 in the Northern District of Ohio and elsewhere to knowingly and willfully combine, conspire, confederate and agree to commit or attempt to commit mail fraud and wire fraud.

3.      Counts 3 and 4 of the indictment charges defendant MARK LAY with committing mail fraud by devising and intending to devise and scheme and artifice to defraud and causing matters to be delivered by commercial interstate carrier for the purpose of executing and attempting to execute the scheme and artifice.  Each count describes the item mailed.

I will now define the elements of each offense charged in the Indictment.

Authority:

Superseding Indictment

16

**INSTRUCTION 14**

**Investment Advisers' Fraud, 15 U.S.C. §§ 80b-6**
**The Nature of the Offense Charged in Count One**

Count One of the Indictment charges the defendant MARK LAY with violating the Investment Advisers Act of 1940.

Specifically, Count One alleges that:

"As investment advisers registered with the SEC under the Investment Advisers Act of 1940, MDL its officers and employees, including LAY, owed fiduciary obligations of good faith, loyalty, and fair dealing to its client, the OBWC, which entrusted the OBWC's money to MDL's management. As a fiduciary, MDL and its respective officers and employees were required at all times to: (a) act in good faith and in the best interests of its client, the OBWC; (b) make full and fair disclosure of all material facts bearing on the investment advisory relationship between MDL and its respective client, the OBWC; and (c) employ reasonable care to avoid misleading its client, the OBWC.

" In or about September 2003 through January 2005, in the Northern and Southern Districts of Ohio and elsewhere, the defendant MARK D. LAY, together with others known and unknown to the Grand Jury, including brokers and brokerages located in the Northern District of Ohio and elsewhere, unlawfully, willfully and knowingly did use and cause to be used the mails, wires and other means and instrumentalities of interstate and foreign commerce, directly and indirectly, to : (a) employ devices, schemes, and artifices to defraud, the client, the OBWC and thereby the ADF; (b) engage in transactions, practices and courses of business which operated as a fraud and deceit upon, the client, the OBWC and thereby the ADF; and (c) engaged in any act, practice and course of business which was fraudulent, deceptive and manipulative, to wit: exercising leverage in excess of 150% in ADF, in violation of the PPM, and concealing and failing to disclose to the full extent

17

his exercise of leverage in excess of 150%.

All in violation of Title 15, United States Code, Sections 80b-6.


Authority:

2B O'Malley, Grenig & Lee,  Federal Jury Practice & Instructions, Section 56.09 (5th Ed.

2000)(modified);

Superseding Indictment, Count 1.

## INSTRUCTION 15

**Investment Advisers' Fraud, 15 U.S.C. § 80b-6**
**The Statute Defining the Offense Charged in Count One**

Section 80b-6 of Title 15 of the United States Code provides that:

"It shall be unlawful for any investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly–

(1)    to employ any device, scheme, or artifice to defraud any client or prospective client;

(2)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

(3)    acting as principal for his own account, knowingly to sell any security to or purchase any security from a client, or acting as a broker for a person other than such client, knowingly to effect any sale or purchase of any security for the account of such client, without disclosing to such client in writing before the completion of such transaction the capacity in which he is acting and obtaining the consent of the client to such transaction.  The prohibitions of this paragraph shall not apply to any transaction with a customer of a broker or dealer if such broker or dealer is not acting as an investment adviser in relation to such transaction;

(4)    to engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative.  The commission shall, for the purposes of this paragraph (4) by rules and regulations defined, and prescribe means reasonably designed to prevent, such acts, practices, and courses of business as are fraudulent, deceptive, or manipulative.

Authority:

15 U.S.C. §§ 80b-6;

2B O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u> , Section 56.10 (5th Ed. 2000) (Modified).

19

## INSTRUCTION 16

### Investment Advisers' Fraud, 15 U.S.C. § 80b-6
### The Essential Elements of Investment Adviser Fraud

(1)     In order to convict a defendant of the crime of violating the Investment Advisers Act of 1940, as charged in Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

One: That MDL Capital Management was an investment adviser;

Two:  (1)  That the defendant, Mark Lay, acting on behalf of MDL, either employed a device, scheme or artifice to defraud, the client, the OBWC, or caused MDL Capital Management to employ a device, scheme or artifice to defraud the OBWC; (2) That the defendant, Mark Lay, acting on behalf of MDL, either engaged in transactions, practices or courses of business which operated as a fraud and deceit upon, the client, the OBWC  or caused MDL Capital Management to employ a device, scheme or artifice to defraud  the OBWC; or (3) That the defendant, Mark Lay, acting on behalf of MDL, either engaged in or caused MDL Capital Management to engage in any act, practice or course of business which was fraudulent, deceptive or manipulative, namely exercising leverage in excess of 150%  in the ADF, in violation of the PPM, and concealing and failing to disclose to the full extent his exercise of leverage in excess of 150%.

Three: That the defendant devised or participated in such act, scheme or artifice to defraud or such fraudulent transaction practice or course of business knowingly and willfully and with the intent to defraud; and

20

<u>Four</u>: That the defendant employed such device, scheme or artifice to defraud, or engaged in such transaction, practice or courses of business by use of the mails or any other instrumentality of interstate commerce.

<u>Authority</u>:

15 U.S.C.§ 80b-6; Based also, in part, upon the instruction used by the Hon. Loretta A. Preska, United States District Court Judge for the Southern District of New York, in <u>United States v.William P. Branston</u>, 97CR111, at pp. 2269-2270 of the trial transcript (Ex. 1); <u>See  also</u> instructions as read to jury in <u>United States v. Chapman</u>, 209 Fed. Appx. 253 (4th Cir. 2006), at pp. 108-109; 15 U.S.C. § 80b-6 (Ex. 2). (Convictions affirmed, remanded for resentencing due to <u>Booker</u>.)

## INSTRUCTION 17

### Investment Advisers' Fraud, 15 U.S.C. § 80b-6
### First Element Explained

Let's discuss each of the four elements.

In order to satisfy the first element of the Investment Advisers' Act violation as charged in Count 1, the government must prove beyond a reasonable doubt that MDL Capital Management ("MDL") was an investment adviser.

For the purposes of the statute charged in Count 1, 15 U.S.C. § 80b-6, an investment adviser includes any persons "who receive compensation for investing funds of their clients." The Investment Adviser's Act at 15 U.S.C.§ 80b-2(11) states "any person or company which for compensation or pay engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities."

Authority:

15 U.S.C.§ 80b-2(11)(definition of an investment adviser)("any person or company which for compensation or pay engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities or, who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities.") ;

Abrahamson v. Fleschner, 568 F.2d 862, 871 (2nd Cir. 1978) ("Congress intended [the Investment Advisers Act of 1940] to reach persons who receive compensation for investing funds of their clients.")

Based, in part,  upon the instruction used by the Hon. Loretta A. Preska, United States District Court Judge for the Southern District of New York, in United States v.William P. Branston, 97CR111, at pp. 2270 of the trial transcript (Ex. 1);

 See also instructions as read to jury in United States v. Chapman, 209 Fed. Appx. 253 (4th Cir. 2006), at pp. 110; 15 U.S.C. § 80b-6 (Ex. 2).

22

**INSTRUCTION 18**

**Investment Advisers' Fraud, 15 U.S.C. § 80b-6**
**First Element Continued**


If you find that the government has sustained its burden of proof that MDL Capital

Management was an investment adviser,  you next should consider the second element, whether

the defendant participated in a scheme or artifice to defraud the OBWC.

## INSTRUCTION 19

### Investment Advisers' Fraud, 15 U.S.C. § 80b-6
### Second Element -Existence of a Device, Scheme, or Artifice to Defraud

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in a scheme or artifice to defraud the client, the OBWC, the sole investor in the Active Duration Fund ("ADF").

The government may establish the second element of these Investment Advisers Act charges if it proves beyond a reasonable doubt that the defendant violated the Investment Advisers Act in one or more of the following three ways.

The first way that you can find that the government has established this element of the Investment Advisers Act offense is if you find that the defendant, acting on behalf of MDL Capital Management, participated in a scheme or artifice to defraud a client or caused MDL Capital Management to do so.  I will define the meaning of the term "scheme and artifice to defraud" below.

The second way that you can find that the government has established this element of the offense is if you find that the defendant, acting on behalf of MDL Capital Management, carried out a transaction, practice or course of business intended to defraud or deceive the client, OBWC and thereby the ADF, or caused MDL Capital Management to do so.

The third way that you can find that the government has established this element of the offense is if you find that the defendant engaged in any act, practice or course of business which was fraudulent, deceptive or manipulative such as exercising leverage in excess of 150% in the Active Duration Fund, in violation of the Private Placement Memo, or concealing and failing to disclose to the full extent his exercise of leverage in excess of 150% in the Active Duration Fund.

24

The government does not have to prove all three of these methods for you to return a guilty verdict on Count 1.  Proof beyond a reasonable doubt of any one of these three methods is enough.


Authority:
15 U.S.C. § 80b-6

Based, in part,  upon the instruction used by the Hon. Loretta A. Preska, United States District Court Judge for the Southern District of New York, in United States v.William P. Branston, 97CR111, at pp. 2292-2293 of the trial transcript (Ex 1). See also instructions as read to jury in United States v. Chapman, 209 Fed. Appx. 253 (4th Cir. 2006) at pp. 111-113 (Ex. 2).

Please note the requirement of unanimity as to a particular theory is not applicable pursuant to the withdrawal of  SIXTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), § 8.03A (Unanimity of Theory) (2005) relative to a means of committing the crime.  "[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." See Richardson v. United States, 526 U.S. 813, 817 (1999) (citing Schad v. Arizona, 501 U.S. 624, 631-32 (1991).  Unanimity is not required when it is alleged that the defendant used several possible means to commit a single element of a crime.  Schad and Richardson.

## INSTRUCTION 20

### Investment Advisers' Fraud, 15 U.S.C. § 80b-6
### Definition of a "Fiduciary Duty or Relationship"

In this case, the scheme to defraud charged in Counts 1, 3 & 4 of the Indictment arise out of the defendant's fiduciary relationship to the OBWC.  The government alleges that the defendant, in his work for MDL Capital Management, acted as a fiduciary for the OBWC, and that, in that capacity, he violated his duties of good faith, loyalty and fair dealing to the OBWC. The Indictment further charges that the defendant aided and abetted breaches of his fiduciary duty to the OBWC in Counts 3 and 4.

Generally, the Indictment charges by exercising leverage in excess of 150% in the Active Duration Fund, in violation of the PPM and concealing and failing to disclose the full extent his exercise of leverage in excess of 150%, among other thinhgs, the defendant failed to act in the best interest of the OBWC.

In deciding whether the government has proved the second element of these Investment Advisory Act charges beyond a reasonable doubt, the first thing you must decide is whether the defendant acted in a fiduciary capacity

One has a fiduciary duty when the business he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of another person or entity as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part.  A fiduciary relationship involves discretionary authority and dependency – one person or entity depends on another - the fiduciary to act for his benefit, the beneficiary of a relation may entrust the fiduciary with custody over property of one sort or another.

The question of whether a fiduciary relationship existed between the defendant and the

26

OBWC is a question of fact for you to decide.

If you find that the defendant was acting in a fiduciary capacity with respect to the OBWC, you next must decide whether he violated his duties of good faith, loyalty and fair dealing to the OBWC, his client.  Because the fiduciary obtains access to property of another to serve the ends of the fiduciary relationship, a person who voluntarily undertakes to act as another's fiduciary tacitly represents that, except as disclosed to the other person or entity, he intends to act solely for the interest of the other person or entity with respect to the property entrusted to him and will not appropriate the property or misuse it.  A person (1) who deceives another into entrusting property to him on the false pretense that he will manage the property solely for the other person's or entity's interest, or (2) who deliberately fails to disclose to the person or entity for whom he acts as a fiduciary the transactions or business which he conducts in a fiduciary capacity for that person or entity has engaged in a form of deceit or misrepresentation.

Authority:

See Securities and Exchange Commission ("SEC") v.Capital Gains, 375 U.S. 180, 194-204 (1963);

S.E.C. v. Blavin, 760 F.2d 706, 711-12 6th Cir. 1985) (citing Capital Gains) ( "[a]s a fiduciary, the standard of care to which an investment advisor must adhere imposes 'an affirmative duty of the 'utmost good faith, and full and fair disclosure of all material facts," as well as an affirmative obligation to 'employ reasonable care to avoid misleading' his clients.").

Also, based upon the instruction used by the Hon. Loretta A. Preska, United States District Court Judge for the Southern District of New York, in *United States v.William P. Branston*, 97CR111, at pp. 2291-2292 of the trial transcript (Ex. 1); *see also SEC v. Steadman*, 967 F.2d 636, 643 (D.C. 1992); *In the Matter of Performance Analytics, Inc.*, Adv. Act Release No. 2036, 2002 SEC LEXIS 1552, at *10-*11 (June 17, 2002); see also instructions as read to jury in United States v. Chapman, 209 Fed. Appx. 253 (4th Cir. 2006) at pp. 114-118; 15 U.S.C. § 80b-6 (Ex. 2).

## INSTRUCTION 21

### Investment Advisers' Fraud, 15 U.S.C. § 80b-6
### Second Element-Existence of a Device, Scheme, or Artifice to Defraud Explained

The second element is almost self-explanatory.

(1)    A "scheme or artifice" is merely a plan for the accomplishment of an object.

(2)    A scheme or artifice to is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons or average prudence.  It is not defined according to a technical standard, but a standard that is a reflection of moral uprightness, fundamental honesty, fair play and right dealing.  A "scheme or artifice to defraud" is limited only by man's ingenuity in devising new methods to defraud the community.

(3)    "Fraud" is a general term which embraces all the various means by which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representation, suggestions or suppression of the truth, or deliberate disregard for the truth.

(4)    Thus a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

(5)    The scheme to defraud is alleged to have been carried out by making fraudulent statements and representations and failing to disclose information material to the investor, the OBWC.

(6)    A statement, representation, claim or document is "false" if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

28

(7)     A representation or pretense is "fraudulent" if it was falsely made or maintained with the intention to deceive.

(8)     Deceitful statements or half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements or pretenses under the statute.

(9)     The deception need not be premised upon spoken or written words alone.  The arrangements of words, or the circumstances in which they are used may convey the false and deceptive appearance.  If there is deception, the manner in which it is accomplished it immaterial

(10)     The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such a disclosure ought to be made and the defendant failed to make such a disclosure with the intent to defraud.

(11)     The false or fraudulent misrepresentation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person who is relying upon the representation or statement in making a decision

(12)      This means if you find a particular statement of fact to be false, you must determine whether that statement was one that a reasonable person or investor might have considered important in making his or her decision.  The same principle applies to half-truths or omissions of material fact.

(13)     The government is not required to prove that the defendant himself originated the scheme to defraud.  It is sufficient if you find that a scheme to defraud existed even if originated by another and that the defendant knowingly participated in it.

(14)     In addition to proving the existence of a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of its money or property. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme, that the OBWC suffered any loss, that someone actually relied upon the misrepresentation or false statement or pretense or that the scheme actually succeeded in defrauding anyone.  Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.  It is enough if you find that a false statement or a statement omitting material facts was made as a part of a fraudulent scheme in the expectation that it would be relied on by the representatives of the OBWC.

(15)     Finally, a scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

(16)     If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the third element relative to Count 1.

<u>Authorities:</u>

<u>Kreuter v. United States</u>, 218 F.2d 532, 535 (5th Cir. 1955) (scheme may exist even though no misrepresentation of fact is made; success not essential to completion of the offense);

<u>United States v. Van Dyke</u>, 605 F.2d 220, 225 (6th Cir. 1979) (scheme to defraud is not defined to technical standard; scheme need not be fraudulent on its face);

<u>United States v. Stull</u>, 743 F.2d 439, 445, n.7 (6th Cir. 1984) (definitions of both scheme to defraud and of false or fraudulent statement or representation);

<u>United States v. Purther</u>, 823 F.2d 965, 968 (6th Cir. 1987) (lulling);

<u>United States v. DeSantis</u>, 134 F.3d 760, 764 (6th Cir. 1998) (materiality);

<u>United States v. Merklinger</u>, 16 F.3d 670, 678 (6th Cir. 1994) (no requirement of harm);

<u>United States v. Hathaway</u>, 798 F.2d 902, 909 (6th Cir. 1986) (reckless indifference);

United States v. Strong, 702 F.2d 97, 100 (6th Cir. 1983) (no requirement of  harm);

United States v. O'Boyle, 680 F.2d 34, 36 (6th Cir. 1982) (half-truths, concealment of facts);

United States v. Daniel, 329 F.3d 480, 485-86 (6th Cir. 2003); and

Also, based upon the instruction used by the Hon. Loretta A. Preska, United States District Court Judge for the Southern District of New York, in United States v.William P. Branston, 97CR111, at pp. 2270-2273 of the trial transcript (Ex. 1).

## INSTRUCTION 22

**Investment Advisers' Fraud, 15 U.S.C. § 80b-6**
**Third Element - Requisite Intent**

The third element of the Investment Advisers Act requires the government to establish

beyond a reasonable doubt that the defendant participated in the scheme to defraud knowingly,

willfully and with the specific intent to defraud.

**INSTRUCTION 23**

**Investment Advisers' Fraud, 15 U.S.C. § 80b-6
Third Element- Requisite Intend, Continued**

The question of whether a person acted knowingly, willfully with intent to defraud is a question of fact for you to determine like any other fact question.  This question obviously involves someone's state of mind.

I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case in which evidence was presented that a person wrote or stated that as of a given time in the past, he committed an act with a fraudulent intent.  Such direct proof is not required however.

But a defendant's state of mind can be proved indirectly from surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results.  This of course, is all for you to decide.

<u>Authority</u>

Sixth Circuit Pattern Criminal Jury Instructions No. 2.08, (modified) (2005 Edition).  Please note that the Sixth Circuit recommends that no instruction be given on "willfully", "knowingly" or "specific intent".  <u>See</u> Sixth Circuit Pattern Criminal Jury Instructions Nos. 2.05, 2.06 and 2.07 (2005 Edition).

33

## INSTRUCTION 24

### Investment Advisers' Fraud, 15 U.S.C. § 80b-6
### Fourth Element-Use of Mails or Other Means or Instrumentalities of Interstate Commerce

The fourth and final element that the government must establish beyond a reasonable doubt as to Count 1 is the use of interstate mail or wire communications in furtherance of the scheme to defraud or the fraudulent conduct alleged in the indictment.

It is not necessary that the defendant be directly or personally involved in the mailing.  If the defendant was an active participant in the scheme and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in the use of mails or interstate wires, then you may find that he caused them to be used.

When one does an act with the knowledge that the use of interstate means of communications will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he causes such means to be used.

It is not necessary that the items sent through the mails concern the fraudulent material or anything criminal or objectionable.  The matter mailed or sent by wire may be entirely innocent.

With respect to the use of the use of the mails need not be central to the execution of the scheme and may even be incidental to it.  All that is required is that the use of the mails bear some relation to the object of the scheme or fraudulent conduct.

Also, the government must establish beyond a reasonable doubt a particular mailing or wiring charged in the Indictment.  However, the use of the mails can be proved through circumstantial evidence.  Proof of a routine personal, office or business practice of using the mail is sufficient to support a jury's determination that mailing occurred in a particular instance.  Similarly, evidence suggestive of a delay in time consistent with mailing between the time a

34

letter or check was prepared and when it was received may be a sufficient basis to find that a mailing occurred.

In addition, the government does not have to prove that the mailings or wirings  were made on the exact date charged in the Indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the mailing was made on a date substantially similar to the date charged in the Indictment.

Authority:

Also, based upon the instruction used by the Hon. Loretta A. Preska, United States District Court Judge for the Southern District of New York, in United States v.William P. Branston, 97CR111, at pp. 2276-2277 of the trial transcript (Ex. 1).

See also United States v. Nathan Chapman, 209 Fed. Appx. 93-95 (4th Cir. 2006) (Ex. 2).

**INSTRUCTION 25**

**"Materiality"- defined**

A statement or representation is "material" if it has a natural tendency to influence or is capable of influencing a decision or action of the Federal Bureau of Investigation.  To be "material" it is not necessary that the statement or representation in fact, influence or deceive.

Authority:

O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, § 16.11 (5th Edition 2000).

36

## INSTRUCTION 26

### Good Faith Defense

The good faith of the defendant is a complete defense to the charges in Count 1,  the

Investment Advisers' Act violation and the substantive mail fraud charges contained in Counts 2

and 3 of the indictment because good faith on the part of the defendant is, s imply, inconsistent

with an intent to defraud.

A person who acts, or causes another person to act, on a belief or an opinion

honestly held is not punishable under this statute merely because the belief or opinion turns out

to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in

management does not rise to the level of criminal conduct.

A defendant does not act in good faith if, even though he honestly holds a

certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses,

representations, or promises to others.

While the term "good faith" has no precise definition, it encompasses, among

other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention

to avoid taking unfair advantage of another.

There is another consideration to bear in mind in deciding whether or not the defendant

acted in good faith.  You are instructed as a matter of law that if the defendant participated in the

scheme to defraud charged in the indictment, then a belief by the defendant, if such a belief

existed, that ultimately everything would work out so that no one would lose any money does

not require a finding by you that the defendant acted in good faith. No amount of honest belief

on the part of the defendant that the scheme would ultimately work out or not produce losses for

37

the OBWC will excuse his fraudulent representations, failures to make material disclosures or use of excessive leveraging.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions No. 10.04, 2005 Edition (modified).

United States v. Stull, 743 F.2d 439, 445-46 (6th Cir. 1984) ("Good faith does not include the defendant's belief or faith that the venture will eventually meet his or her expectations.")

## INSTRUCTION 27

### Reckless Disregard

The government can meet its burden of showing that the defendant had the requisite intent required to perpetuate fraud or deceit on the OBWC if it established beyond a reasonable doubt that the defendant acted with deliberate disregard in conducting transactions, practices and courses of business regarding the use of leverage in excess of 150% in the ADF and concealing and failing to disclose to the full extent his exercise of leverage in excess of 150% or with conscious purpose to avoid learning the truth.

If the government establishes that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statements were true.  This guilty knowledge, however, cannot be established by demonstrating that the defendant was merely negligent or foolish.


Authority:

Based upon the instruction used by the Hon. Loretta A. Preska, United States District Court Judge for the Southern District of New York, in United States v.William P. Branston, 97CR111, at pp. 2275 of the trial transcript (Ex. 1);

Scienter not required in actions under 15 U.S.C. § 80b-6(2) and (4) of the Investment Advisers Act.  See SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985)("[a]s a fiduciary, the standard of care to which an investment advisor must adhere imposes 'an affirmative duty of 'utmost good faith, and full and fair disclosure of all material facts,' as well as an affirmative obligation to 'employ reasonable care to avoid misleading his clients.")(citing SEC v. Capital Gains, 375 U.S. 180, 194 (1963)).

See also SEC v. Bolla, 401 F.Supp.2d 43, 67 (D.C. Cir. 2005) ("In contrast to Section 201(6), a simple finding of negligence will satisfy a finding of liability under Section 206(2) [§ 80b-6(2)] . . . As such, in order to establish a violation of Section 206(2) [§ 80b-6(2)], the SEC is not required to show 'intent and actual injury to clients'.").


## INSTRUCTION 28

**Count Two – Conspiracy**

Count Two of the Indictment alleges that Defendants conspired to commit or attempt to commit mail and wire fraud.  Specifically, Count 2 alleges:

3.      From in or about September 2003 and continuing through in or about January 2005, the exact dates being unknown to the Grand Jury, in the Northern District of Ohio and elsewhere, MARK D. LAY defendant herein, and others known and unknown to the Grand Jury, including other employees of MDL, other directors of the ADF and brokers assisting in or benefitting from trade activity regarding United States Treasury Securities in the ADF, having combined, conspired, confederated and agreed with each other and with others known and unknown to the Grand Jury to devise and intend to devise a scheme and artifice to defraud the OBWC as to a material matter and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, (1) caused matters and things to be placed in any post office and authorized depository to be sent and delivered by the Postal Service, (2) caused matters to be delivered by commercial interstate carrier according to the direction thereon, and (3) caused writings, signals and sounds to be transmitted by wire in interstate and foreign commerce, for the purpose of executing and attempting to execute the scheme and artifice, as set forth in paragraphs 4-7 below.

Object of the Conspiracy Scheme

4.      It was a purpose and object of the scheme that MARK D. LAY and other employees of MDL, other directors of the ADF and brokers assisting in or benefitting from trade activity regarding United States Treasury Securities in the ADF would defraud, deceive, and manipulate the OBWC regarding the ADF, including the amount of leverage exercised, the

impact of leverage on the ADF's value and the management team and administration of the ADF.

Manner and Means

5.      In furtherance of the scheme to defraud, LAY and others known and unknown to the grand jury caused false employment credentials to be included in the PPM.   The credentials language on page 14 of the PPM falsely stated that LAY was employed by Citicorp Investment Bank "[f]rom 1984 to 1989" when Lay well knew that his employment at Citicorp ended in June of 1988.  The false credentials omitted LAY's employment with Mellon from approximately June 1988 to approximately August 1988 and PNC from approximately September 1988 to approximately August 1989 in an effort to conceal LAY's past employment with Mellon and PNC and the reasons for his separation from Mellon and PNC from the OBWC and others who relied upon the PPM.

6.      In furtherance of the scheme to defraud, LAY and others known and unknown to the grand jury caused documents and information to be delivered and transmitted interstate, including causing documents and information to be delivered into the Northern District of Ohio from outside the State of Ohio and to be sent from the Northern District of Ohio to locations outside the State of Ohio.  These documents resulted in the execution of investment transactions that caused the ADF leverage to exceed 150%.

**7.**      In furtherance of the scheme to defraud, LAY and others known and unknown to the Grand Jury concealed the true nature and effect of the use of leverage in excess of 150% by, among other means, failing to disclose the use of excess leverage and its effect on the OBWC investment funds to the OBWC and to others.

8.    In furtherance of the scheme to defraud, LAY and others known and unknown to the Grand Jury made false statements to others regarding the OBWC's alleged knowledge of the excessive leveraging, OBWC's alleged consent to excessive leveraging, and OBWC's alleged commitment to make additional investments in the ADF.

Mailings and Wire Communications

9.    In furtherance of the conspiracy, and to achieve its object, one or more of the co-conspirators committed and caused to be committed the following overt acts, among others.

10.    On or about the dates set forth below, MARK D. LAY and others known and unknown to the Grand Jury executed and attempted to execute the scheme and artifice set forth above by causing and attempting to cause, in the Northern District of Ohio, Eastern Division, and elsewhere, the following matters and things to be mailed and delivered by commercial interstate carrier as set forth in each overt act below:

| Overt Act No. | Approximate Date of Mailing | Description of Mailing |
|---|---|---|
| 1 | February 27, 2004 | Trade Confirmation Statements concerning the sell of United States Treasury Bonds with maturity date of February 15, 2031 sold on February 27, 2004 by the MDL Active Duration Fund mailed from Bonds Direct Securities LLC in New York, New York to MDL Capital Management in Pittsburgh, Pennsylvania. |
| 2 | March 3, 2004 | Trade Confirmation Statements concerning the sell of United States Treasury Bonds with maturity date of February 15, 2031 sold on March 3, 2004 by the MDL Active Duration Fund mailed from Bonds Direct Securities LLC in New York, New York to MDL Capital Management in Pittsburgh, Pennsylvania. |

| | | |
|---|---|---|
| 3 | April 15, 2004 | Trade Confirmation concerning the sell of United States Treasury Bonds with maturity date of February 15, 2031 sold on April 15, 2004 by the MDL Active Duration Fund mailed from a Pershing LLC office in Secaucus, New Jersey to the office of Great Lakes Capital Partners Ltd. in Westlake, Ohio. |
| 4 | May 11, 2004 | Trade Confirmation concerning the sell of United States Treasury Bonds with a maturity date of February 15, 2031 sold on May 11, 2004 by the MDL Active Duration Fund mailed from a Pershing LLC office in Secaucus, New Jersey to the office of Great Lakes Capital Partners Ltd. in Westlake, Ohio. |
| 5 | May 27, 2004 | Trade Confirmation Statements concerning the sell of United States Treasury Bonds with maturity date of February 15, 2031 sold on May 27, 2004 by the MDL Active Duration Fund mailed from Bonds Direct Securities LLC in New York, New York to MDL Capital Management in Pittsburgh, Pennsylvania. |
| 6 | July 30, 2004 | Trade Confirmation Statements concerning the sell of United States Treasury Bonds with maturity date of February 15, 2031 sold on July 30, 2004 by the MDL Active Duration Fund mailed from Bonds Direct Securities LLC in New York, New York to MDL Capital Management in Pittsburgh, Pennsylvania. |
| 7 | August 17, 2004 | Trade Confirmation Statements concerning the sell of United States Treasury Bonds with maturity date of February 15, 2031 sold on August 17, 2004 by the MDL Active Duration Fund mailed from Bonds Direct Securities LLC in New York, New York to MDL Capital Management in Pittsburgh, Pennsylvania. |
| 8 | August 26, 2004 | Trade Confirmation concerning the sell of United States Treasury Bonds with a maturity date of February 15, 2031 sold on August 26, 2004 by the MDL Active Duration Fund mailed from a Pershing LLC office in Secaucus, New Jersey to the office of Great Lakes Capital Partners Ltd. in Westlake, Ohio. |
| 9 | September 16, 2004 | Trade Confirmation Statements concerning the sell of United States Treasury Bonds with maturity date of February 15, 2031 sold on September 16, 2004 by the MDL Active Duration Fund mailed from Bonds Direct Securities LLC in New York, New York to MDL Capital Management in Pittsburgh, Pennsylvania. |

| | September 17, 2004 | Trade Confirmation Statements concerning the sell of United States Treasury Bonds with maturity date of February 15, 2031 sold on September 17, 2004 by the MDL Active Duration Fund mailed from Bonds Direct Securities LLC in New York, New York to MDL Capital Management in Pittsburgh, Pennsylvania. |
|---|---|---|
| 10 | | |

9.     On or about the dates set forth below, MARK D. LAY and others known and unknown to the Grand Jury executed and attempted to execute the scheme and artifice set forth above by causing writings, signals and sounds to be transmitted by wire in interstate and foreign commerce as set forth below:

| Overt Act No. | Description of Wiring | Approximate Date of Wiring |
|---|---|---|
| 11 | Email communication from MARK LAY to broker in New York, NY during which LAY directed the New York, NY broker to pay commission to himself and LAY's Westlake, Ohio broker: "1/4 for you and greatlakes". | August 26, 2004 |
| 12 | Facsimile transmission from MARK LAY to prime brokerage firm in New York, NY transmitting a two-page letter dated August 10, 2004 regarding "Recent Changes to MDL Active Duration Fund, Ltd. (The Fund)." | August 27, 2004 |

All in violation of Title 18, United States Code, Section 1349.

Authority:

Count Two of the Superseding Indictment.

44

## INSTRUCTION 29

## The Statute Defining the Offenses Charged in Count 2

Section 1341 of Title 18 of the United States Code provides, in pertinent part, that:

> "Whoever, having devised or intending to devise any scheme or artifice to defraud . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier . . ." is guilty of an offense.

Section 1343 of Title 18 of the United States Code provides, in pertinent part, that:

> "Whoever, having devised or intending to devise any scheme or artifice to defraud . . . transmits or causes to be transmitted by means of wire . . . communication in interstate or foreign commerce, any writings . . . signals . . or sounds for the purpose of executing such scheme or artifice . . ." is guilty of an offense.

Section 1349 of Title 18 of the United States Code provides, in pertinent part, that:

> "Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Authority:

> Title 18, United States Code, Section 1341, 1343, 1349;
> Count Two of the Superseding Indictment.

## INSTRUCTION 30

**Conspiracy - A Criminal Partnership**

It is a crime for two or more persons to conspire, or agree to commit a criminal act, even if they never actually achieve their goals.  A conspiracy is a kind of criminal partnership.   In Count Two of the indictment, the defendant has been charged with conspiring to commit a crime of mail and wire fraud.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, §3.01A 1991 Edition (modified).

**INSTRUCTION 31**

46

**Relationship Between Substantive Offense and Conspiracy to Commit Offense**

Additionally, under the law, participating in a conspiracy to commit a crime is an entirely separate and distinct charge from the actual violation of the substantive charge which may be the object of a conspiracy.  Therefore, all of the underlying elements of a substantive mail and wire fraud need not be met in order for you to find that there was a conspiracy to commit those offenses.  All that you must find is that there was an agreement to commit those offenses and that the defendant voluntarily joined the conspiracy.

Authority:

> United States v. Bayer, 331 U.S. 532, 542 (1947); United States v. Warshawsky, 20 F.3d 204, 208 (6th Cir. 1994) ("It is well-established that a conspirator need not successfully complete all of the elements of the underlying offense to be guilty of conspiracy.  Rather, as Justice Jackson explained, 'the agreement or confederation to commit a crime . . . is what is punishable as a conspiracy, if any overt act is taken in pursuit of it . . . whether or not the contemplated crime is consummated.'") (citing United States v. Bayer, supra).

## INSTRUCTION 32

### "Conspiracy" or "Agreement" Existed

The following instructions apply to the conspiracy charged in Count 2.

The first element is that the conspiracy as set forth in Count 2 existed.

(1)     As I told you earlier, a conspiracy is a kind of criminal partnership.  It exists when two or more persons come to a mutual understanding or agreement to try and accomplish a common and unlawful plan.

(2)     Indeed, you may find a defendant guilty of the crime of conspiracy to commit a crime even though the substantive crimes which were the object of the conspiracy were not actually committed.  Under the law, a conspiracy to commit a crime is a separate and distinct criminal offense from committing the crime itself.  Congress has deemed it appropriate to make conspiracy standing alone a separate crime even if the crime is not successful.  Therefore, you may find that the defendant conspired or agreed to commit an offense even if you find that the purpose or plan of the conspiracy was never, in fact, completed.   For instance, in this case, you may find that a conspiracy existed in Count Two even if there was no actual Mail or Wire Fraud violation.  This is because collective criminal activity poses a greater threat to the public safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.

(3)     This element does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.   Indeed, each conspirator need not have known all of the names and identities of all of the other alleged conspirators.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.

These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(4)     In essence, what the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit either the mail or wire Fraud.   This is essential.

(5)     An agreement can be proved indirectly, by facts and circumstances which lead to the conclusion that an agreement existed.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.  In your deliberations, you may consider the actions and statements of all of the alleged participants of the conspiracy and you may infer the agreement from all of the circumstances and conduct of the alleged participants to the conspiracy.  Since the hallmark of many criminal agreements is secrecy, often the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.   It is sufficient to establish the existence of the conspiracy, if you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding to accomplish, by the means alleged, the objectives of the conspiracy, but you must be convinced to that beyond a reasonable doubt in order to satisfy this element.

Authorities:

  2B O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, Section 31.04 and
  31.05 (5th Ed. 2000) (modified);

  Sixth Circuit Pattern Criminal Jury Instructions No. 3.02, (2005 Edition) (modified).

## INSTRUCTION 33

### A Defendant's Connection to the Conspiracy

(1)     If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict the defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

(2)     This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3)     Every member of a conspiracy need not be an active participant in every phase of the conspiracy, so long as he is a party to the general conspiratorial agreement. Participation in the conspiracy's common purpose and plan may be inferred from the defendant's actions and reactions to the circumstances.  And the connection of the defendant to the conspiracy need only be slight, if there is sufficient evidence to establish that connection beyond a reasonable doubt.

(4)     But proof that the defendant simply knew about a conspiracy, or was present at the crime scene at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy.  But without more they are not enough.

50

(5)     What the government must prove is that the defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

(6)     A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Authorities:

Sixth Circuit Pattern Criminal Jury Instructions No. 3.03, (2005 Edition) (modified).

United States v. Maliszewski, 161 F.3d 992, 1006 (6th Cir. 1998)(citations and internal quotations omitted)(citing United States v. Hernandez, 31 F.3d 354, 358 (6th Cir. 1994)).

## INSTRUCTION 34

### Unindicted, Unnamed or Separately Tried Co-Coconspirators

(1)      Now some of the people or entities who may have been involved in these events are not on trial in this case.  This does not matter.  There is no requirement that all the members of a conspiracy be charged and prosecuted, or tried together in one proceeding or in one place.

(2)      Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.


Authority:

Sixth Circuit Pattern Criminal Jury Instructions No. 3.06, (2005 Edition) (modified).

## INSTRUCTION 35

## Impossibility of Success

One last point that applies to both the conspiracy charged in Count 1.

It is no defense to a conspiracy charge that success was impossible because of circumstances that the defendants did not know about.  This means that you may find the defendant guilty of conspiracy even if it was impossible to successfully complete the crime that the coconspirators agreed to commit.


Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 3.13 (2005 Edition);

United States v. Jimenez Recio, 537 U.S. 270 (2003) (conviction affirmed when conspirators do not know that the government has intervened and that the conspiracy is bound to fail)

## INSTRUCTION 36

### Section 1349 Conspiracy: Basic Elements

Count Two of the indictment alleges that the defendant agreed  to commit mail and wire fraud in violation of Title 18, United States Code, Section 1349.

As  I instructed you earlier, it is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.  A conspiracy is a kind of criminal partnership.  For you to find the Defendant guilty of Count 2, the government must prove following elements beyond a reasonable doubt:

A.    First, that two or more persons willfully conspired, or agreed, to commit the crime identified in the particular count; and

B.    Second, that the defendant willfully, knowingly and voluntarily joined the conspiracy.

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt for a defendant, then you should find that defendant guilty of Count 2.  If, on the other hand, you find from your consideration that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count 2.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, No. 3.01A (2005 Edition)(modified).

Section 1349 has no overt act requirement so there is no requirement that the jury be instructed to find the commission of an overt act in order to find the defendant guilty of Count 2.  A more recent and controlling Supreme Court case  makes it explicit that, unless otherwise stated, a conspiracy statute does not require proof of an overt act.  See Whitfield v. United States, 125 S.Ct. 687, 691 (2005); see also United States v. Shabani, 513 U.S. 10, 16 (1994).  In determining that § 1956(h), of Title 18 of the United States Code did not require an overt act, the Supreme Court harkened back to its unanimous decision in  Shabani, 513 U.S. 10, wherein it had relied on

54

"traditional canons of statutory construction" to decide that § 846 of Title 21, United States Code, does not require the government to plead or prove any over acts in furtherance of the conspiracy. Id. at 15.  The Shabani Court reiterated that the Supreme Court has "consistently held that the common law understanding of conspiracy "does not make the doing of any act other than the act of conspiring a condition of liability.'" Id. At 13-14.  That Court also pointed out that the glaring differences between the general conspiracy statute, 18 U.S.C. § 371, and a subsequent, more specific statute, 21 U.S.C. § 846, is thta § 371 explicitly states that an additional or overt act is required for conviction and § 846 does not.

> [w]e find it instructive that the general conspiracy statute, 18 U.S.C. § 371, contains an explicit requirement that a conspirator "do any act to effect the object of the conspiracy."  In light of this additional element in the general conspiracy statute, Congress' silence in § 846 speaks volumes.  After all, the general conspiracy statute preceded and presumably provided the framework for the more specific drug conspiracy statute.

Id. at 14. (Emphasis added.)

55

# INSTRUCTION 37

## Overt Acts

The indictment lists twelve overt acts.  The government, however,  does not have to prove that any of the alleged overt acts were committed, or that any of these acts themselves were illegal in order for you to find the defendant guilty of Count 2.

Authority:

Sixth Circuit Pattern Criminal Jury Instruction No. 3.04 (2005 Edition) (modified as explained above at Instruction No. 37 – 18 U.S.C. § 1349 had no overt act requirement).

Section 1349 has no overt act requirement so there is no requirement that the jury be instructed to find the commission of an overt act to find the defendant guilty of Count 2.  A more recent and controlling Supreme Court case  makes it explicit that, unless otherwise stated, a conspiracy statute does not require proof of an overt act.  See Whitfield v. United States, 125 S.Ct. 687, 691 (2005); see also United States v. Shabani, 513 U.S. 10, 16 (1994).  In determining that § 1956(h), of Title 18 of the United States Code did not require an overt act, the Supreme Court harkened back to its unanimous decision in  Shabani, 513 U.S. 10, wherein it had relied on "traditional canons of statutory construction" to decide that § 846 of Title 21, United States Code, does not require the government to plead or prove any over acts in furtherance of the conspiracy.  Id. at 15.  The Shabani Court reiterated that the Supreme Court has "consistently held that the common law understanding of conspiracy "does not make the doing of any act other than the act of conspiring a condition of liability.'" Id. At 13-14.  That Court also pointed out that the glaring differences between the general conspiracy statute, 18 U.S.C. § 371, and a subsequent, more specific statute, 21 U.S.C. § 846, is thta § 371 explicitly states that an additional or overt act is required for conviction and § 846 does not.

> [w]e find it instructive that the general conspiracy statute, 18 U.S.C. § 371, contains an explicit requirement that a conspirator "do any act to effect the object of the conspiracy."  In light of this additional element in the general conspiracy statute, Congress' silence in § 846 speaks volumes.  After all, the general conspiracy statute preceded and presumably provided the framework for the more specific drug conspiracy statute.

Id. at 14. (Emphasis added.)

## INSTRUCTION 38

### Conspiracy Venue

[Some of the events that you have heard about happened in other places.  There is no requirement that the entire conspiracy charged in Count Two take place here in the Northern District of Ohio.  A conspiracy may be prosecuted in any district in which the agreement was formed or any act in furtherance of the conspiracy occurred. For you to return a guilty verdict on the conspiracy charged in Count Two, the government must convince you that either the agreement or one of the overt acts took place here in the Northern District of Ohio.  Unlike all the other elements that I have described, this is a fact that the government only has to prove by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember, that all the other elements I have described must be proved beyond a reasonable doubt.]


Authority:

Sixth Circuit Pattern Criminal Jury Instructions, No. 3.07 (2005 Edition).

United States v. Stephenson, 895 F.2d 867, 876 (2nd Cir.1990);

United States v. Lewis, 797 F.2d 358, 367 (7th Cir. 1986);

United States v. Craig, 573 F.2d 513, 517 (7th Cir. 1978).

## INSTRUCTION 39

### Purpose of the Wire and Mail Fraud Statutes

The purpose of the federal wire fraud statute is to prevent the use of interstate wire transmissions or electronic transmissions for fraudulent purposes.  Similarly, the purpose of the federal mail fraud statute is to prevent the use of the facilities and services provided by the United States Postal Service and by private interstate carriers for fraudulent purposes.


Authority:

See also instructions as read to jury in United States v. Chapman, 209 Fed. Appx. 253 (4th Cir. 2006), at pp. 71; 15 U.S.C. § 80b-6 (Ex. 2).

## INSTRUCTION 40

### Mail Fraud: Elements of the Offenses

In order to sustain the substantive charges of mail fraud set forth in Counts 3 and 4, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud, as alleged in the Indictment;

Second, that a defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud, or that he knowingly and intentionally aided and abetted others in the scheme; and

Third, that in execution of that scheme, a defendant used or caused the use of interstate wires, or of the mails or private or commercial interstate carriers, as specified in the Indictment.

I have previously defined these elements except "aiding and abetting" when I defined those terms relative to the Investment Adviser fraud charged in Count 1.  What I have said about these elements earlier holds true for the mail fraud charges in Counts 3 and 4.

# INSTRUCTION 41

## Aiding and Abetting

(1)     For you to find Lay guilty of Counts 3 and 4, it is not necessary for you to find that he personally committed the crime.  You may also find him guilty if he intentionally helped [or encouraged] someone else to commit the crime.  A person who does this is called an aider and abettor.

(2)     But for you to find Lay guilty of Counts 3 and 4, as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements being a reasonable doubt:

(A)     First, the crimes charged in Counts 3 and 4 were committed.

(B)     Second that the defendant helped to commit the crime [or encouraged someone else to commit the crime].

(C)     and third, that the defendant intended to help commit [or encourage] the crime.

(3)     Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4)     What the government must prove is that the defendant did something to help [or encourage] the crime with the intent that the crime be committed.

(5)      If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have reasonable doubt about any one of these elements, then you cannot find the defendant guilty of Counts 3 and 4 as an aider and abettor.

Authority:

Sixth Circuit Pattern Jury Instructions No. 4.01, (2005 Edition).

**INSTRUCTION 42**

**Explanation of Additional Terms Used in Count 3 and 4**
**Participation in Scheme with Intent**

In the alternative to repeating these instructions, the government suggest the following::

I have previously defined these terms when I defined them relative to the Investment

Adviser Fraud charged in Count 1.  What I have said about these elements earlier hold true for the

mail fraud charges in Counts 3 and 4.

Or, the Court could summarize, the instructions already given:

With respect to the defendant's participation, a defendant violates the mail fraud and/or

wire fraud statute if the defendant knowingly and intentionally devises the scheme or participates

in the execution at any stage.  The degree of the defendant's knowing and intentional

participation compared to the degree of participation by any other person in the scheme is not

relevant, and therefore should be given no consideration in your determination of whether the

defendant was a willful participant in the scheme.

Under the mail and wire fraud statutes, even false representations, pretenses or statements,

or omissions of material facts, do not amount to a fraud unless done with fraudulent intent.

As a practical matter, then, in order to sustain the charges against the defendant, the

government must establish beyond a reasonable doubt that the defendant knew that his conduct as

a participant in the scheme was calculated to defraud and, nonetheless, he associated himself with

the alleged fraudulent scheme for the purpose of defrauding another.

A breach of fiduciary duty effect in party by the use of the mails (or wires) may be a

violation of the federal mail or wire fraud statutes, at least when the scheme is also characterized

62

by the use of false representations or by concealment of, or a failure to disclose relevant and

material facts.

To conclude on this element, if you find that a defendant was not a knowing participant in

the scheme or that he lacked intent to defraud, you should acquit him.  On the other hand, if you

find that the government has established beyond a reasonable doubt that the defendant was a

knowing participant and acted with intent to defraud then this element is satisfied.


Authorities:

2 L. Sand, et al., Modern Federal Jury Instructions, ¶ 44.01 at Inst. 44-5 (2001);
United States v. Chapman, 209 Fed. Appx. 253 (4th Cir. 2006), at 86.
United States v. Stull, Sr. et al, 743 F.2d 439 (6th Cir. 1984);
United States v. Stull, et. al, 521 F.2d 687 (6th Cir. 1975);
United States v. DeSantis, 134 F.3d 740, 764 (6th Cir. 1998) (specific intent; recklessness);
United States v. Bales, 813 F.2d 1289, 1294 (4th Cir. 1987) (fraudulent intent under § 1344 may be established by circumstantial evidence and by inferences deduced from facts and situations);
United States v. Hathaway, 798 F.2d 902, 909 (6th Cir. 1986) (reckless indifference);
United States v. Gullett, 713 F.2d 1203, 1212 (6th Cir. 1983) (element of knowledge may be inferred from proof that the defendant "acted with a reckless disregard for the truth or with a conscious purpose to avoid learning the truth");
United States v. Themy, 624 F.2d 963, 965 (10th Cir. 1980) (direct proof of fraudulent intent not necessary);
United States v. Wrehe, 628 F.2d 1079, 1082 (8th Cir. 1980) (lulling; intent may be inferred from facts and circumstances surrounding defendant's actions);
United States v. Van Dyke, 605 F.2d 220, 225 (6th Cir. 1979) (question of fraudulent intent is for the jury);
United States v. Diggs, 613 F.2d 988, 997-98 (D.C. Cir. 1979);
United States v. Isaccs, 493 F.2d 1124, 1150 (7th Cir. 1974) (intentional participation).



**INSTRUCTION 43**

**"On or About"/ "In or About" / "Approximate" Amounts**

(1)     Next, I want to say a word about the dates and amounts mentioned in the

indictment.

(2)     The indictment charges that the crimes occurred "on or about" or "in or

about" specific dates.  The government does not have to prove that the crimes happened on those

exact dates.  But the government must prove that the crimes happened reasonably close to those

dates.

(3)     The same applies to approximate amounts of money alleged in the

indictment.  The government does not have to prove that the crimes involved the exact or precise

amounts alleged in the indictment.

Authorities:

    Sixth Circuit Pattern Criminal Jury Instructions No. 2.04 (2005 Edition) (modified).
    O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, § 13.06 (5th Ed. 2000)
    (approximate amount).

**INSTRUCTION 44**

**Deliberate Ignorance**

(1)     Next, I want to explain something about proving a particular defendant's knowledge.

(2)      No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that he was engaged in a scheme which defrauded the OBWC by excessively over leveraging the ADF, then you may find that he knew that fact.

(3)     But to find this, you must be convinced beyond a reasonable doubt that a defendant was aware of a high probability that  he was engaged in a scheme which defrauded the OBWC by excessively over leveraging the ADF, and that the defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.


Authority:

Sixth Circuit Pattern Jury Instructions No. 2.09, (2005 Edition).

## INSTRUCTION 45

### Transition from Substantive Instructions

That concludes the part of my instructions explaining the elements of the crimes charged and related matters to be considered.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

Authority:

Sixth Circuit Pattern Criminal Jury Instruction No. 7.01, (2005 Edition).

## INSTRUCTION 46

### Defendant's Failure to Testify (if applicable)

(1)     A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2)     Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions No. 7.02A, 1991 Edition.

## INSTRUCTION 47

### Defendant's Testimony (if applicable)

(1)    You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

(2)    You should consider those same things in evaluating the defendant's testimony.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions No. 7.02B, 1991 Edition.

# INSTRUCTION 48

## Expert Testimony

(1)     You have heard the testimony of certain expert witnesses. An expert witness has special knowledge or experience that allows the witness to give an opinion.

(2)     In weighing expert testimony, you may consider the expert's qualifications and opinions and his reason for testifying as well as how he reached his conclusions. You do not have to accept an expert's opinion just because that person is an expert.  Nor should you substitute such a witness' testimony for your own reason, judgment and commonsense.

(3)     Remember that you alone decide how much of a witness testimony to believe, and how much weight it deserves.


Authority:

Sixth Circuit Pattern Criminal Jury Instructions No. 7.03, 1991 Edition (paragraph 2 modified).  Unmodified, paragraph 2 states: "You do not have to accept an expert's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions."

# INSTRUCTION 49

## Other Acts of Defendant

(1)     You have heard testimony that the defendant committed acts other than the ones charged in the indictment. [If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, absence of accident.  You must not consider it for any other purpose.]

(2)     Remember that the defendant is on trial here only for the charges in the indictment, not for the other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.


Authorities:

> Sixth Circuit Pattern Criminal Jury Instructions No. 7.13, 2005 Edition (modified).
>
> United States v. Merriweather 78 F.3d 1070, 1077 (6th Cir. 1996) (The district court "must 'clearly, simply, and correctly' instruct the jury as to the specific purpose for which they may consider the evidence" In the limiting instruction, the court should be careful to identify only purposes for using the other acts evidence that are actually in issue).

**INSTRUCTION 50**

**Impeachment by Prior Inconsistent Statement**

(1)     You have heard the testimony of witnesses and have heard questions about statements such witnesses made that may be different from the witness's testimony here in court.

(2)     Such earlier statements were brought to your attention only to help you decide how believable the witness's testimony was.  You cannot use it as proof of anything else.  If you believe such a statement was made, you can only use it as one way of evaluating the witness's testimony here in court.

Authority:

     Sixth Circuit Pattern Criminal Jury Instructions No. 7.04, 1991 Edition (modified).

**INSTRUCTION 51**

**Impeachment of a Witness Other than Defendant by Prior Conviction**

(1) You have heard the testimony of _____.  You have also heard that before this trial they were convicted of a crime.

(2) This earlier conviction was brought to your attention only as one way of helping you decide how believable their testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions No. 7.05B, 2005 Edition (modified to make references plural only).

**INSTRUCTION 52**

**Secondary - Evidence Summaries Admitted In Evidence**

(1)     During the trial you have seen counsel use certain summaries in the form of summary charts that have been admitted into evidence.  These summary charts were admitted in evidence, in addition to the material they summarize, because they may assist you in understanding the evidence that has been presented.

(2)     But the summary chart itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.


<u>Authorities</u>:

Sixth Circuit Pattern Criminal Jury Instructions No. 7.12A, 1991 Edition.

<u>United States v. Bray</u>, 139 F.3d 1104, 1112 (6th Cir. 1998).


**INSTRUCTION 53**

73

**Testimony of a Witness under Grant of Immunity or Reduced Criminal Liability**

(1)     You have heard the testimony of _____ . You have also heard that the government has promised him that [he will not be prosecuted for his involvement in certain criminal activity ] in exchange for his cooperation.

(2)      It is permissible for the government to make such a promise. But you should consider 's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

(3)     You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that testimony proves the defendant guilty beyond a reasonable doubt.


Authorities:

Sixth Circuit Pattern Criminal Jury Instructions No. 7.07, 2005 Edition (paragraph 3 modified).  Unmodified, paragraph 3 states: "Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt."

## INSTRUCTION 54

### Equal Opportunity or Lack of Opportunity to Call Witnesses

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

[You should, however, remember my instruction that] the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Authority:

Based upon instruction used by the Honorable Loretta A. Preska, United States District Court Judge for the Southern District of New York in United States v. William P Branston, 97 CR 111, at pp. 2235-2236 of trial transcript.

## INSTRUCTION 55

75

**Deliberations**

(1)      Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)      The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3)      Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

(4)      The exhibits that were admitted in evidence will be provided to you.

(5)      One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.


Authority:

Sixth Circuit Pattern Criminal Jury Instructions No.. 8.01, 1991 Edition (modified).

**INSTRUCTION 56**

**Experiments, Research and Investigation**

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own while you are deliberating.

(2)     For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

(3)     Make your decision based only on the evidence that you saw and heard here in court.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions No. 8.02, 2005 Edition.

## INSTRUCTION 57

### Unanimous Verdict

(1)     Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)     To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)     To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)     Either way, guilty or not guilty, your verdict must be unanimous.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions No.  8.03, 1991 Edition.

## INSTRUCTION 58

### Duty to Deliberate

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4)     Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.


Authority:

 Sixth Circuit Pattern Criminal Jury Instructions No. 8.04, 2005 Edition.

## INSTRUCTION 59

### Punishment

(1)　　If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)　　Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)　　Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions No.. 8.05, 2005 Edition.

## INSTRUCTION 60

### Verdict Form

(1)     I have prepared  verdict forms that you should use to record your verdict. The form reads as follows:

(To be attached)

(2)     If you decide that the government has proved a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the forms, put the date on them, and return them to me.


<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions No. 8.06, 2005 Edition.

## INSTRUCTION 61

### Verdict Limited to Charges Against This Defendant

(1)     Remember that the defendant is only on trial for the particular crimes he is charged with in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions No.  8.08 (2005 Edition) (modified).

## INSTRUCTION 62

### Court Has No Opinion

(1)     Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions No. 8.09, 2005 Edition.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 1:07CR339 |
| | ) | |
| Plaintiff, | ) | JUDGE DOWD |
| | ) | |
| v. | ) | |
| | ) | |
| MARK D. LAY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>PLAINTIFF'S REQUESTED JURY INSTRUCTIONS ON FORFEITURE</u>

Respectfully submitted,
Gregory A. White
United States Attorney

By:    /s/ Benita Y. Pearson
Benita Y. Pearson
Reg. No. 0065709
Herbert J. Villa
Reg. No. 0010682
Assistant U.S. Attorneys
400 United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113
(216) 622-3919
(216) 622-3735

Plaintiff's Requested Forfeiture Instruction:

Members of the jury, you have reached a verdict that Mark D. Lay is guilty of  mail fraud, as charged in Counts 3 and 4 of the Superseding Indictment.  In view of your verdict, you now have one more task to perform.  I must ask you to render a special verdict concerning property the United States has alleged is subject to forfeiture by the defendant to the United States in the Forfeiture Provision of the Indictment[1].  Forfeiture means that the defendant loses any ownership interest he has or claims to have in the property, as a part of the penalty for engaging in criminal activity.

Under federal law, any person who is convicted of mail fraud is required to forfeit to the United States any property that constitutes or is derived from proceeds the defendant obtained as the result of the violations charged in Counts 3 and 4, whether or not that property has been or can be seized by the Government.  Thus, the Government is entitled to a personal money judgment against the defendant for an amount equal to the value of the property that constitutes or is derived from proceeds the defendant obtained as the result of the violations charged in Counts 3 and 4[2].

The Government is seeking a money judgment for $1,793,231.00 in this case.  It is your duty to determine whether the Government has proven, by a preponderance of the evidence[3], that the amount sought is the amount of money that constituted or was derived from proceeds the

---

[1] Rule 32.2(b), Federal Rules of Criminal Procedure;

[2] Rule 32.2(b), Federal Rules of Criminal Procedure;

[3]Libretti v. United States, 516 U.S. 29 (1995) (Forfeiture is an element of sentencing; therefore, the preponderance of evidence standard applies) see also, United States v. Smith, 966 F.2d 1045 (6th Cir. 1992) ("preponderance of the evidence" standard of proof applies in 21 U.S.C. § 853 criminal forfeiture actions);

defendant obtained as the result of the violations charged in Counts 3 and 4.  If you do not unanimously agree on this amount, then you must determine what amount, if any, constituted or was derived from proceeds the defendant obtained as the result of the violations charged in Counts 3 and 4.

My previous instructions on the government's burden of proof regarding your verdict on the guilt of the defendant do <u>not</u> apply to your deliberation and verdict regarding forfeiture.  In deliberating and deciding your verdict regarding forfeiture, the government need only prove the forfeiture by a preponderance of the evidence, <u>not</u> beyond a reasonable doubt.  To prove something by the preponderance of the evidence is to prove that it is more likely true than not true.  The decision is made by considering all the evidence on the subject and deciding which evidence you believe.  Each party is entitled to the benefit of all evidence received, regardless of who offered the evidence.   Preponderance of the evidence is a lesser standard than proof beyond a reasonable doubt.

While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.

Your previous finding that the defendant is guilty of mail fraud is final, conclusive, and binding.  Because you are bound by your previous finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of the violations of which you have already found the defendant guilty.

Other than the standard of proof, which I just discussed with you, all of my previous instructions apply to your deliberation with respect to the Special Verdict.

A Special Verdict form has been prepared for your use, which reads as follows:

[Form of Verdict read]

86

You will take this verdict form to the jury room and, when you have reached a unanimous agreement as to your verdict, you will have your foreperson date and complete the form and each of you will sign it.  Then contact us and advise us that a verdict has been reached.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing Government's Proposed Jury Instructions was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

/s/Benita Y. Pearson
Benita Y.Pearson
Antoinette T. Bacon
Assistant U. S. Attorneys

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07CR339 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| v. | ) | |
| | ) | Title 15, United States Code, Section 80b-6 |
| | ) | |
| MARK D. LAY, | ) | |
| | ) | |
| Defendant. | ) | |

### VERDICT FORM: COUNT 1 - MARK D. LAY

On the charge of violation of the Investment Adviser Act of 1940 in violation

of violation of 15 U.S.C. § 80b-6. Count 1 of the indictment, we the Jury, being duly impaneled

and sworn, unanimously find the Defendant  MARK D. LAY:

_____        Guilty

_____        Not Guilty


_____        _____

*Foreperson*
_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07CR339 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| v. | ) | |
| | ) | Title 18, United States Code, Section 1349 |
| | ) | |
| MARK D. LAY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>VERDICT FORM: COUNT 2 - MARK D. LAY</u>

On the charge of violation of the Investment Adviser Act of 1940 in violation

of violation of 18 U.S.C. § 1349, Count 2 of the indictment, we the Jury, being duly impaneled

and sworn, unanimously find the Defendant  MARK D. LAY:

_____        Guilty

_____        Not Guilty


_____        _____

*Foreperson*
_____        _____


_____        _____


_____        _____


_____        _____


_____        _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


UNITED STATES OF AMERICA,　　　　)　　　CASE NO. 1:07CR339
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)　　　JUDGE DAVID D. DOWD, JR.
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　　Title 18, United States Code, Sections 1341
　　　　　　　　　　　　　　　　　　)　　　and 2
MARK D. LAY,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　)


## VERDICT FORM: COUNT 3 -  MARK D. LAY

On the charge of violation of the Investment Adviser Act of 1940 in violation

of violation of 18 U.S.C. §§ 1341 and 2, Count 3 of the indictment, we the Jury, being duly

impaneled and sworn, unanimously find the Defendant  MARK D. LAY:

_____　　　Guilty

_____　　　Not Guilty


_____　　　_____

*Foreperson*
_____　　　_____


_____　　　_____


_____　　　_____


_____　　　_____

91

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07CR339 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| v. | ) | Title 18, United States Code, Sections 1341 |
| | ) | and 2 |
| MARK D. LAY, | ) | |
| | ) | |
| Defendant. | ) | |


<u>VERDICT FORM: COUNT 4 -  MARK D. LAY</u>

On the charge of violation of the Investment Adviser Act of 1940 in violation

of violation of 18 U.S.C. §§ 1341 and 2, Count 4 of the indictment, we the Jury, being duly

impaneled and sworn, unanimously find the Defendant  MARK D. LAY:

_____    Guilty

_____    Not Guilty


_____

*Foreperson*
_____                _____

_____                _____

_____                _____

_____                _____

_____                _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:07CR339 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Dowd |
| v. | ) | |
| | ) | |
| MARK D. LAY, | ) | |
| | ) | SPECIAL VERDICT |
| Defendant. | ) | (Money Judgment) |


We, the Jury, having found defendant Mark D. Lay guilty of Counts 3 and 4, Mail Fraud,

make the following findings:

    1.  Did the defendant obtain proceeds of $1,793,231.00 from the offense of Mail Fraud?

        YES _____          No _____

    2.   If your answer to the Question #1 is "yes", your deliberations are concluded; please

sign and date this Special Verdict form.

93

If your answer to Question #1 is "no", please answer the following question: What amount of proceeds, if any, did the defendant obtain from the offense of Mail Fraud?

$_____

Signatures of Jurors:

_____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____
                                                      Foreperson

_____

Date: _____