IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.  WDQ-03-0301 |
| | ) | |
| NATHAN A. CHAPMAN, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

EXHIBIT  2

1

## COURT'S INSTRUCTION NO. 1

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

3

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their

4

objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions a substitute for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses--the testimony they gave, as you recall it--and the exhibits that were received in evidence.

You may also consider the stipulations of the parties as evidence.

The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven

5

beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in

an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have

7

8

the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, you must ask yourselves as you sift through the evidence: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or

bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

Your verdict must be based solely on the evidence on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report which you have read in the press, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow

9

yourselves to be influenced in any manner by such publicity.

## COURT'S INSTRUCTION NO. 2

With these preliminary instructions in mind, let us turn to the charges against the defendant, as contained in the indictment. I remind you that an indictment itself is not evidence. It merely describes the charges made against the defendant. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination of whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

10

The Indictment contains thirty-five counts.  Counts 1 through 13 and 22 through 25 charges the defendant, Nathan A. Chapman, Jr. with Wire Fraud.  Counts 14 through 17 and Counts 31 through 35 charges the defendant, Nathan A. Chapman, Jr. with Mail Fraud.  Count 18 charges the defendant, Nathan A. Chapman, Jr. with False Statements.  Counts 19 through 21 charges the defendant, Nathan A. Chapman with Investment Advisory Fraud.  Count 26 through Count 30 charges defendant, Nathan A. Chapman, Jr. with False Statement on Income Tax Returns.

The defendant has denied that he is guilty of these charges.
The defendant is not charged with committing any crime other than the offenses contained in the indictment. You have heard evidence of other acts allegedly committed by the defendant. When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose. I

11

will explain that limited purpose again in a moment. But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.

You may not draw any inference, favorable or unfavorable, towards the government or the defendants on trial, from the fact that certain persons were not named as defendants in the indictment or that certain persons were named as co-conspirators but not indicted. The circumstances that these persons were not indicted must play no part in your deliberations,  except that you may consider whether the witness' testimony should be believed because he or she had been granted immunity. I will instruct you in more detail about this matter later.

Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of

12

the United States Attorney and the grand jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendants on trial.

The indictment contains a total of 35 counts. Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

While we are on the subject of the elements, it does not matter if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity, between the dates alleged in the indictment and the

13

date established by testimony or exhibits.

Similarly, if the indictment charges that a certain amount was involved, and the testimony or exhibits indicate that, in fact, a different amount was involved, it is for you to determine whether the difference is material and, if you find it was material, then you must find the defendant not guilty.

## COURT'S INSTRUCTION NO. 3

### (Presumption of Innocence and Burden of Proof)

Although the defendant has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendant has pled not guilty to that indictment.

As a result of the defendant's plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

15

The law presumes the defendant to be innocent of all the charges against him. I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will

continue with the defendant into your deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.

## COURT'S INSTRUCTION NO. 4

### (Testimony, Exhibits, Stipulations, and Judicial Notice in General)

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations and judicially noticed facts.

Exhibits which have been marked for identification but not received may not be considered by you as evidence. Only those exhibits received may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witness' answers are evidence and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable

18

inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

## COURT'S INSTRUCTION NO. 5

### (Number of Witnesses and Uncontradicted Testimony)

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon your own common sense and personal experience.  (After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.)

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the

20

defendant is not required to call any witnesses or offer any evidence, since he and she are presumed to be innocent.

## COURT'S INSTRUCTION NO. 6

### (Stipulation of Facts)

A stipulation is an agreement among the parties that a certain fact is true. You may regard such agreed facts as true.

## COURT'S INSTRUCTION NO. 7

### (Admission of Defendant - Nathan A. Chapman, Jr.)

Evidence has been received concerning a statement said to have been made by the defendant, Nathan A. Chapman, Jr.  It is for you to determine whether the defendant did in fact make the statement.  If you find that the defendant did voluntarily make the statement, then you must determine, what weight, if any, you feel the statement deserves.  In determining what weight, if any, should be given the statement, you should consider all matters in evidence having to do with the statement, including those concerning the defendant's personal characteristics and the conditions under which the statement was made.

## COURT'S INSTRUCTION NO.8

### (Direct and Circumstantial Evidence)

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses-- what he sees, feels, touches or hears--that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.

If, as you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

As a general rule the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the

25

defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

## COURT'S INSTRUCTION NO. 9

### (Defendant's Reputation)

The defendant has called witnesses who have testified to his good reputation in the community.  This testimony is not to be taken by you as the witness' opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Such character evidence alone may indicate to you that it is improbable that a person of good reputation would commit the offense charged.  Accordingly, if, after considering the question of the defendant's good reputation, you find that a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if, after considering all of the evidence, including that of the defendant's reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you

27

should not acquit the defendant merely because you believe he is a person of good reputation.

## COURT'S INSTRUCTION NO. 10

### (Opinion of Defendant's Character)

The defendant has called witnesses who have given their opinion of his good character.  This testimony is not to be taken by you as the witness' opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit her of all the charges.

On the other hand, if after considering all the evidence including that of defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not

29

acquit the defendant merely because you believe him to be a person of good character.

## COURT'S INSTRUCTION NO. 11

### (Cross-Examination of Witness on Defendant's Character)

The prosecution asked certain questions on cross-examination of the defendant's character witness about specific acts supposedly committed by the defendant.  I caution you that the prosecution was allowed to ask these questions only to help you decide whether the witness was accurate in forming his opinion or in describing the reputation of the defendant's character.  You may not assume that the acts described in these questions are true, nor may you consider them as evidence that the defendant committed the crime for which he is charged.  You may therefore consider the questions only in deciding what weight, if any, should be given to the testimony of the character witness and for no other purposes.  You should not consider such questions as any proof of the conduct stated in the questions.

## COURT'S INSTRUCTION NO. 12

### (Improper Consideration of Defendant's Right Not to Testify)

The defendant did not testify in this case. Under our constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

32

## COURT'S INSTRUCTION NO. 13

### (Habit)

There has been evidence introduced in this case that the defendant had certain habits or routine practices.  This evidence may be considered by you in determining whether he or she acted in conformity with that habit or routine on the occasion in question.  The weight you give to evidence, if any, is entirely up to you, since you are the sole judges of the facts.

34

**COURT'S INSTRUCTION NO. 14**

**(Similar Acts--Intent, Knowledge, Absence of Mistake )**

The government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the indictment.

In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the indictment. Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar act was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the indictment and the similar acts as well, then you

may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the indictment.

## COURT'S INSTRUCTION NO. 15

### (Inference Defined)

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

36

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw--but not required to draw--from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

37

## COURT'S INSTRUCTION NO.  16

### (Uncalled Witness Equally Available )

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

38

## COURT'S INSTRUCTION NO.  17

## (Knowledge Willfulness, Intent or Malice)

Knowledge, willfulness (or malice) and intent involve the state of a person's mind. It has often been said to juries that the state of one's mind is a fact as much as the state of his digestion. Accordingly, this is a fact you are called upon to decide.

Medical science has not yet devised an instrument which can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. This may be inferred from what he says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts,

39

than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness (or malice) and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

## COURT'S INSTRUCTION NO.  18

### (Witness Credibility)

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the indictment. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

41

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his testimony or did he contradict himself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or

hostility that may have caused the witness--consciously or not-- to give you something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense,

43

**your good judgment, and your experience.**

## COURT'S INSTRUCTION NO.  19

### (Bias and Hostility)

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendants.

Evidence that a witness is biased, prejudiced or hostile toward the defendants require you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

## COURT'S INSTRUCTION NO.  20

### (Interest in Outcome)

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.

Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has

affected or colored his or her testimony.

## COURT'S INSTRUCTION NO. 21

### (Statutory Immunity of Government Witness )

You have heard the testimony of a witness who has testified under a grant of immunity from this court. What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the

testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

## COURT'S INSTRUCTION NO. 22

### (Government Witness--Not Proper To Consider Guilty Plea  )

You have heard testimony from a government witness who pled guilty to charges arising out of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

## COURT'S INSTRUCTION NO.  23

## (Law Enforcement Witness)

You have heard the testimony of a law enforcement official.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the out come of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

51

## COURT'S INSTRUCTION NO.  24

### (Impeachment by Felony Conviction - Non-Defendant)

You have heard the testimony of a witness who was previously convicted of a crime, punishable by more than one year in jail (or involving dishonesty or false statement). This prior conviction was put into evidence for you to consider in evaluating the witness' credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be given.

## COURT'S INSTRUCTION NO.  25

### (Impeachment by Prior Inconsistent Statement)

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency

53

concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

## COURT'S INSTRUCTION NO.  26

## (Expert Witness (Generally))


You have heard testimony from expert witnesses.  An expert is allowed to express his opinion on those matters about which he has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept this witness' testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination

of the facts in this case rests solely with you.

## COURT'S INSTRUCTION NO. 27

### (Punishment)

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

## COURT'S INSTRUCTION NO. 28

### (Submitting the Indictment )

I am sending a copy of the indictment into the jury room for you to have during your deliberations. You may use it to read the crimes which the defendant is charged with committing. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

## COURT'S INSTRUCTION NO. 29

### (Charts and Summaries)

The government has presented certain exhibits in the form of charts and summaries that are based upon other documents, such as checks or records of telephone calls, that have been independently admitted into evidence.  I decided to admit these charts and summaries because there has been testimony that they accurately and reliably summarize other evidence and these exhibits may therefore assist you in better understanding the underlying evidence to which they pertain. You should consider these charts and summaries as you would any other evidence.  In particular, you should bear in mind that these charts and summaries are not independent evidence of their subject matter, and that they are only as valid and reliable as the underlying evidence they represent or summarize.

## COURT'S INSTRUCTION NO. 30

## (Consciousness of Guilt from False Exculpatory Statement)

You have heard testimony that the defendant made certain statements in a letter to an official of the United States Securities and Exchange Commission in which the defendant claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements in which he exonerated or exculpated himself are false.

When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement later is shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of guilt. Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not the evidence as to the defendant's

60

statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

## COURT'S INSTRUCTION NO. 31

### (Knowledge, Willfulness, Intent)

Knowledge, willfulness and intent involve the state of a person's mind. It has often been said to juries that the state of one's mind is a fact as much as the state of his [health]. Accordingly, this is a fact you are called upon to decide.

Medical science has not yet devised an instrument which can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer what a defendant's state of mind was. This may be inferred from what he says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after

its occurrence.  Accordingly, intent, willfulness and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

## COURT'S INSTRUCTION NO.  32

### (Guilty Knowledge from Clandestine Behavior;
### Guilty Knowledge from Failure to Keep Records)

Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which a transaction is carried out.

Willful intent or guilty knowledge may also be inferred from such conduct as the handling of one's affairs so as to avoid making records or issuing documents which are usually kept in transactions of a particular kind; or from the failure to keep records or, in fact, any conduct the likely effect of which would be to mislead others and/or conceal information.  It is for you to decide whether the defendant's actions are or are not evidence that he knew his conduct was unlawful and was therefore attempting to conceal the uses to which these funds were actually put.

## COURT'S INSTRUCTION NO.  33

### (Accomplice Called by the Government)

You have heard a witness who testified that he was actually involved in planning and carrying out some of the crimes charged in the Indictment.

The government's position is that it must take the witnesses as it finds them and that it is often the case that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of so-called accomplice testimony.  Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

65

I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all of the arguments made on both sides.  However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether the so-called accomplice would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witness.

66

## COURT'S INSTRUCTION NO.  34

### (Prior Perjury)

There has been evidence that various witnesses who testified at this trial have admitted that they lied under oath during previous testimony.   If you find that a witness testified falsely on a previous occasion, then I must warn you that the testimony of this witness should be viewed cautiously and weighed with great care.  It is, however, for you to decide how much of this testimony, if any, you wish to believe.

## COURT'S INSTRUCTION NO. 35

### (Aiding and Abetting -- 18 U.S.C. § 2(a))

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

The aiding and abetting statute, section 2(a) of Title 18 of the United States Code provides that:

> Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

Under this part of the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty.

68

A person who aids and abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proved that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate

69

himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by a defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether a defendant aided or abetted the commission of a crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something

70

he wished to bring about?

Did he associate himself with the criminal venture knowingly and willfully?

Did he seek by his actions to make the criminal venture succeed?

If he did, then a defendant is an aider and abettor, and therefore guilty of the offense.

If, on the other hand, your answers to this series of questions are "no," then a defendant is not an aider and abettor, and you must find him not guilty.

## COURT'S INSTRUCTION NO.  36

## (Aiding and Abetting -- 18 U.S.C. § 2(b))

In addition, under another provision of the aiding and abetting statute, the guilt of an accused in a criminal case may be established even if the defendant himself did not physically commit the crime charged in the Indictment, but instead caused another person to do so.  Section 2(b) of the aiding and abetting statute reads as follows:

> Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

First, did a defendant take some action without which the crime would not have occurred?

Second, did a defendant intend that the crime would be actually committed by others?

If you are persuaded beyond a reasonable doubt that

72

the answer to both of those questions is "yes," then a defendant is guilty of the crime charged just as if he himself had actually committed it.

## COURT'S INSTRUCTION NO.  37

### (Counts One through Thirteen -- The Indictment and the Wire Fraud Statute)

Counts One through Seventeen of the Indictment charge that the defendant devised a scheme to defraud the Maryland State Pension System and the other clients of the DEM-MET of their right to the honest and faithful services of himself, Chapman Capital Management, Alan Bond, and Albriond Capital Management and in furtherance of that scheme caused both interstate wires and the mails to be used.

Counts One through Thirteen charge the defendant with wire fraud.  The relevant statute is section 1343 of Title 18 of the United States Code.  Section 1343 provides:

> Whoever, having devised or intended to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communication in interstate or foreign commerce, any writings, signs, pictures or sounds, shall be guilty of a crime.

74

Counts Fourteen through Seventeen charge the defendant with individual acts of mail fraud in connection with this same scheme to defraud.  The relevant statute is section 1341 of Title 18 of the United States Code.  Section 1341 provides:

> Whoever, having devised or intended to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises,  . . . for the purpose of executing such scheme or artifice or attempting to do so, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier . . . or knowingly causes to be delivered by mail according to the direction thereon . . . any such matter or thing, shall be guilty of a crime.

With regard to the definition of the phrase "scheme to defraud" in both the mail and wire fraud statutes, section 1346 of Title 18 of the United States Code provides:

> The term "scheme to defraud" includes a scheme or

**artifice to deprive another of the intangible right of honest services.**

## COURT'S INSTRUCTION NO. 38

### (Purpose of the Wire and Mail Fraud Statutes)

The purpose of the federal wire fraud statute is to prevent the use of interstate wire transmissions or electronic transmissions for fraudulent purposes.  Similarly, the purpose of the federal mail fraud statute is to prevent the use of the facilities and services provided by the United States Postal Service and by private interstate carriers for fraudulent purposes.

COURT'S INSTRUCTION NO. 39

**(Wire and Mail Fraud: Elements of the Offenses)**

In order to sustain the charges of wire fraud set forth in Counts One through Thirteen and mail fraud as alleged in Counts Fourteen through Seventeen as alleged in the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud, as alleged in the Indictment;

Second, that a defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud, or that he knowingly and intentionally aided and abetted others in the scheme; and

Third, that in execution of that scheme, a defendant used or caused the use of interstate wires, or of the mails or private or commercial interstate carriers, as specified in the

Indictment.

## COURT'S INSTRUCTION NO. 40

### (First Element -- Existence of a Scheme
### or Artifice to Defraud)

The first element that the government must prove beyond a reasonable doubt with regard to both the wire fraud and the mail fraud statutes is that there was a scheme or artifice to defraud the clients of the DEM-MET of their right to the honest and faithful services of defendant Chapman, Chapman Capital Management, Alan Bond, and Albriond Capital Management, or to defraud the  clients of the DEM-MET of money or property.

The first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property or to deprive a victim of his or her right to the honest and faithful services of an employee or fiduciary by means of false or fraudulent pretenses,

79

representations or promises reasonably calculated to deceive persons of average prudence, or by material omissions or failure to speak when there is a duty to do so.

"Fraud" is a general term which embraces all the various means by which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property or the right of honest services by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by making fraudulent statements and representations.

A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

80

Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.  If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation must relate to a material fact or matter.  A material fact is one which would reasonably be expected to be of concern to a reasonable and

81

prudent person in relying upon the representation or statement in making a decision.

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half truths or omissions of material facts.

In addition to proving the existence of a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of his right to honest services, money or property.  However, it is not necessary that the government prove that a defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

## COURT'S INSTRUCTION NO. 41

**(Definitions of the "Right of Honest Services" and of Fiduciary Duty)**

**In this case, the Indictment charges that the defendant's scheme to defraud the clients of the DEM-MET had two separate objects.  The Indictment alleges that the first object of the scheme was to defraud the clients of the DEM-MET of money or property.  This object is essentially self-explanatory.**

**The Indictment alleges that the second object of the scheme was to defraud the clients of the DEM-MET of their right to the honest and faithful services of the defendant, Chapman Capital Management, Alan Bond, and Albriond Capital Management.**

**What do we mean by "the right of honest and faithful services"?  An employment or contractual relationship may impose special obligations of loyalty, honesty, and fidelity upon a person with regard to their employer or to the other party to**

83

the contract.  These special obligations are known as "fiduciary duties," and a person who is subject to such duties is known as a "fiduciary."  The wire and mail fraud statutes are intended to reach deceptive schemes that are contrary to public policy and that conflict with accepted standards of moral uprightness, fundamental honesty and  fair play and right dealing.

In this case, defendant Chapman, along with Chapman Capital Management, Alan Bond, and Albriond Capital Management were required to carry out their responsibilities as investment managers and investment advisers for the DEM-MET in accordance with various legal duties, including the duties of loyalty, prudence, and diversification.  The duty of loyalty requires a fiduciary of a pension plan to carry out his or her duties with respect to a plan solely in the interest of the participants and beneficiaries, and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying the reasonable expenses of administering the plan.  I further instruct you that in the pension plan context, the duty of

84

loyalty is absolute, and a fiduciary with a conflict of interest must act as if he is free of that conflict, meaning that there can be no balancing of his own interests against the interests of the plan participants: rather, the interests of the plan participants must prevail.

The duty of prudence requires fiduciaries of a pension plan to act with the care, skill and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in conduct of a similar enterprise.  The duty to diversify requires fiduciaries to discharge their duties with regard to a plan solely in the interest of the participants and beneficiaries and by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so.  A fiduciary is also prohibited from dealing with the assets of a pension plan in his own interest, or receiving payment for his own personal account from third parties in connection with transactions involving plan assets.

85

I therefore instruct you that a breach of a fiduciary duty effected in part by the use of the wires or mails may be a violation of the federal wire or mail fraud statutes, at least when the scheme is also characterized by the use of false representations or by concealment of, or a failure to disclose, relevant and material facts.

The government must prove beyond a reasonable doubt that the defendant knowingly and willfully engaged in a scheme to defraud the clients of the DEM-MET of their right to the honest and faithful services of himself, Chapman Capital Management, Alan Bond, and Albriond Capital Management, and that the defendant foresaw or reasonably should have foreseen that the clients of the DEM-MET might suffer economic harm as a result. However, it is not necessary for the government to show that the clients of the DEM-MET in fact suffered an actual economic loss.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and

86

facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

## COURT'S INSTRUCTION NO. 42

### (Second Element -- Participation in Scheme with Intent)

The second element that the government must prove beyond a reasonable doubt in order to establish the defendant's guilt on the wire and mail fraud charges is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of depriving another of the right of honest services, or of obtaining money or property from another.

The question of whether a person acted knowingly,

88

willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime must be established beyond a reasonable doubt.

89

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of mail fraud.  A defendant, however, has no burden to establish a defense of good faith.  The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the mail fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.  An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

There is another consideration to bear in mind in deciding whether or not the defendant acted in good faith.  You are instructed that if the defendant participated in the scheme to

90

defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that the defendant acted in good faith.  If the defendant participated in the scheme for the purpose of depriving the Maryland State Pension System and the other clients of the DEM-MET of their right to the honest services of himself, Chapman Capital Management, Albriond, and Alan Bond, or of obtaining money or property from the DEM-MET by fraudulent means, then no amount of honest belief on the part of the defendant that the scheme would ultimately not produce losses for the DEM-MET will excuse fraudulent representations or failures to make material disclosures by him.

As a practical matter, then, in order to sustain the wire and mail fraud charges against the defendant, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to defraud the State Pension System and the other clients of the

91

DEM-MET of their right to honest and faithful services and to obtain money and property of the DEM-MET's clients by fraudulent means.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should acquit him. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

## COURT'S INSTRUCTION NO. 43

### (Third Element: Wire Fraud -- Use of the Wires)

The third and final element that the government must establish beyond a reasonable doubt as to Counts One through Thirteen is the use of an interstate wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states, as, for example, a telephone call between Maryland and New York, or a wire transmission between Maryland and the District of Columbia.

The use of the wires need not itself be a fraudulent representation.  It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

93

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others.  This does not mean that the defendant must specifically have authorized others to make the call, or transfer the funds, or send a fax.  When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though actually not intended, then he causes the wires to be used.  Here, the government contends that it was reasonably foreseeable that the wires would be used in the ordinary course of business to transmit information between brokerages and clearing agents, or to arrange for the transfer of funds, and therefore that the defendant caused the use of the wires.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the Indictment.  However, the use of the wires can be proved through circumstantial evidence.  Proof of a routine

94

personal, office or business practice of using interstate wire transmissions is sufficient to support a jury's determination that a wiring occurred in a particular instance.

In addition, the government does not have to prove that the wires were used on the exact date charged in the Indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the Indictment.

## COURT'S INSTRUCTION NO. 44

### (Third Element: Mail Fraud -- Use of the Mails)

The third and final element that the government must establish beyond a reasonable doubt as to Counts Fourteen through Eighteen is the use of the mails in furtherance of the scheme to defraud. The use of the mails as I have used it here includes material sent through either the United States Postal Service or a private or commercial interstate carrier, such as UPS, DHL, or Federal Express. It is not necessary that the evidence specifically establish whether the U.S. mails or a private or commercial interstate carrier were used, provided that the evidence shows that the mailing moved by one or another of these means.

The mailed matter need not contain a fraudulent representation or purpose or request for money. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or

96

personally involved in the mailing, as long as the mailing was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the mailing by others.  This does not mean that the defendant must specifically have authorized others to do the mailing.  When one does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen, even though not actually intended, then he causes the mails to be used.  The government contends that it was reasonably foreseeable that the mails would be used in the ordinary course of business, and therefore that the defendant caused the mailings.

With respect to the use of the mails, the government must establish beyond a reasonable doubt the particular mailing charged in the Indictment.  However, the use of the mails can be proved through circumstantial evidence.  Proof of a routine

97

personal, office or business practice of using the mail is sufficient to support a jury's determination that mailing occurred in a particular instance.  Similarly, evidence suggestive of a delay in time consistent with mailing between the time a letter or check was prepared and when it was received may be a sufficient basis to find that a mailing occurred.

In addition, the government does not have to prove that the mailings were made on the exact date charged in the Indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the mailing was made on a date substantially similar to the date charged in the Indictment.

## COURT'S INSTRUCTION NO. 45

### (Count Eighteen – The Indictment and the Statute)

Count Eighteen charges the defendant with knowingly and willfully making false representations to the United States Securities and Exchange Commission, an agency of the Executive branch of the United States government.  The relevant statute on this subject is section 1001 of Title 18 of the United States Code.  It provides, in pertinent part, that:

> Whoever, in any matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully –
>
> (2) makes any materially false, fictitious, or fraudulent statement or representation;
>
> shall be guilty of a crime.

99

## COURT'S INSTRUCTION NO. 46

### (False Statements – The Purpose of the Statute)

The purpose of section 1001 is to protect the authorized functions of the various governmental departments from any type of misleading or deceptive practice, and from the adverse consequences which might result from such deceptive practices.

To establish a violation of section 1001, it is necessary for the government to prove certain elements – which I will soon describe for you – beyond a reasonable doubt.  However, I want to point out now that it is not necessary for the government to prove that the government agency was, in fact, misled as a result of the defendant's action.  It does not matter that the agency was not misled, or even that it knew of the misleading or deceptive act, should you find that the act occurred.  These circumstances would not excuse or justify a false, fictitious or fraudulent statement made  willfully and knowingly about a matter within the jurisdiction of the government of the United

100

**States.**

## COURT'S INSTRUCTION NO. 47

### (False Statements – Elements of the Offense)

In order to prove the defendant guilty of the crime charged in Count Eighteen, the government must establish beyond a reasonable doubt that:

First, on or about the date specified, the defendant made a material statement or representation;

Second, the statement was false, fictitious, or fraudulent;

Third, the false, fictitious or fraudulent statement was made knowingly and willfully; and

Fourth, the statement or representation was made in a matter within the jurisdiction of the government of the United States.

## COURT'S INSTRUCTION NO. 48

### (First Element – False Statement or Representation)

The first element that the government must prove beyond a reasonable doubt is that the defendant made a false statement or representation.  In this regard, the government need not prove that the defendant physically made or otherwise personally prepared the statement in question.  It is sufficient if he caused the statement charged in the Indictment to have been made.

The government must also prove beyond a reasonable doubt that the statement or representation was material.  A statement is material if it could have influenced the government's agency's decisions or activities.  However, proof of actual reliance on the statement by the government is not required.

103

## COURT'S INSTRUCTION NO. 49

### (Second Element-False, Fictitious or Fraudulent Statement)

The second element that the government must prove beyond a reasonable doubt is that the statement or representation was false, fictitious, or fraudulent. A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.

## COURT'S INSTRUCTION NO.50

### (Third Element – Knowing and Willful Conduct)

The third element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidently.

An act is done willfully if it is done with an intention to do something the law forbids, a bad purpose to disobey the law.

## COURT'S INSTRUCTION NO.51

**(Fourth Element – Matter within the Jurisdiction of the Federal Government)**

As I have told you, the fourth element with respect to Count Eighteen is that the statement or representation be made with regard to a matter within the jurisdiction of the government of the United States.  I charge you that the Securities and Exchange Commission is a department of the United States.

To be within the jurisdiction of a department or agency of the United States government means that the statement or representation must concern an authorized function of that department or agency.

## COURT'S INSTRUCTION NO.52

### (Counts Nineteen through Twenty-One – The Indictment and the Statute)

Counts Nineteen through Twenty-One charge the

defendant with aiding and abetting violations of the Investment

Advisers Act by Chapman Capital Management and Albriond

Capital Management.  The relevant statute on this subject is

section 80b-6 of Title 15 of the United States Code.  It provides,

in pertinent part, that:

> It shall be unlawful for any investment adviser, by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly –
>
> (1)  to employ any device, scheme or artifice to defraud any client;
>
> (2)  to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client;
>
> (3)  acting as a principal for his own account, knowingly to sell any security to a  client, without disclosing to such client in writing before the completion of such transaction the capacity in which he is acting and obtaining the consent of the client to such transaction.

107

## COURT'S INSTRUCTION NO.53

### (The Investment Advisers Act-Elements of the Offense)

To prove the defendant guilty of violating the Investment Advisers Act as charged in Counts Nineteen through Twenty-One, the government must prove each of the following four elements beyond a reasonable doubt:

First, that Chapman Capital Management and Albriond Capital Management were investment advisers.

Second, that the defendant, acting on behalf of Chapman Capital Management, employed a device, scheme, or artifice to defraud or caused Albriond Capital Management to employ a device, scheme or artifice to defraud the client named in the count that you are considering.  A scheme or artifice to defraud includes any transaction, practice, or course of business intended to defraud a client.

Third, that the defendant devised or participated in such act, scheme or device to defraud knowingly and willfully,

108

and with the intent to defraud.

And fourth, that the defendant employed such device, scheme or artifice to defraud by use of the mails or any means or instrumentalities of interstate commerce.

I will now discuss each of these four elements.

## COURT'S INSTRUCTION NO.54

### (The Investment Advisers Act – First Element)

In order to satisfy the first element, the government must establish that Chapman Capital Management and/or Albriond were an investment adviser. For purposes of the Investment Advisers Act, an investment adviser includes any person or company which, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing and purchasing or selling securities.

## COURT'S INSTRUCTION NO.55

### (The Investment Advisers Act – Second Element)

The government may establish the second element of these Investment Advisers Act charges if it proves beyond a reasonable doubt that the defendant violated the Investment Advisers Act in one or more of the following three ways.

The first way that you can find that the government has established this element of the Investment Advisers Act offense is if you find that the defendant, acting on behalf of Chapman Capital Management, participated in a scheme or artifice to defraud a client or caused Albriond Capital Management to do so. I have previously defined the meaning of the term "scheme and artifice to defraud" in my instructions relating to the wire and mail fraud counts of the Indictment.

The second way that you can find that the government has established this element of the offense is if you find that the defendant, acting on behalf of Chapman Capital Management,

111

carried out a transaction, practice or course of business intended to defraud a client, or caused Albriond Capital Management to do so.

The third way that you can find that the government has established this element of the offense is if you find that the defendant acted as a principal for its own account through The Chapman Company, and knowingly sold eChapman stock to the DEM-MET and its clients without disclosing to the DEM-MET's clients in writing prior to the completion of the transaction the fact that it was acting for its own account, and without having obtained the clients' consent to the transaction.

The government does not have to prove all three of these methods for you to return a guilty verdict on Counts Twenty through Twenty-Two.  Proof beyond a reasonable doubt of any one of these methods is enough.  But in order to return a guilty verdict on these counts, you must all twelve unanimously agree that the defendant violated the Investment Advisers Act by at least  one of the methods set forth above.  That is, it would

112

not be sufficient to return a conviction if six of you believed the defendant had violated the statute by one method, and six of you believed he had violated it by another method.  You must all twelve unanimously agree that the defendant violated the statute by one or more of the methods alleged in order to return a verdict of "guilty" on this count.

COURT'S INSTRUCTION NO.56

(Second Element – Fiduciary Duty)

In this case, the scheme to defraud charged in Counts Eighteen through Twenty-One of the Indictment arises out of the defendant's fiduciary relationship to the clients named in each count.  The government alleges that the defendant, in his work for Chapman Capital Management, acted as a fiduciary for these clients, and that, acting in this capacity, he violated his duties of good faith, loyalty and fair dealing to those clients.  The Indictment further charges that the defendant aided and abetted breaches of their fiduciary duty to these same clients by Alan Bond and Albriond Capital Management.  Specifically, the Indictment charges that in investing and managing these clients' assets, the defendant failed to act in the best interests of Chapman Capital  Management's clients by using CCM's position as Investment Manager for the DEM-MET to advance his own personal interests and those of his companies, at the expense of the interests of the clients whose funds were

114

invested in the DEM-MET. The Indictment further alleges that the defendant failed to disclose material facts concerning the DEM-MET's investment in eChapman.com under circumstances where the defendant had an affirmative obligation to make such disclosure.

In deciding whether the government has proved the second element of these Investment Advisory Act charges beyond a reasonable doubt, the first thing you must decide is whether the defendant acted in a fiduciary capacity. A person acts in a fiduciary capacity when the money or property which he handles, or the business which he transacts, is not his own, and the transactions are not intended to be carried out for his own benefit, but for the benefit of another person. A fiduciary relationship thus involves discretionary authority and dependency: One person depends on another, the fiduciary, to serve his interests. In a fiduciary relationship, the client or beneficiary is reposing great trust and confidence in the person or entity acting as a fiduciary, and the fiduciary, in turn, is

115

obligated to act with a high degree of good faith in his dealings for and on behalf of his client or beneficiary.

In relying on a fiduciary to act for his benefit, the beneficiary of the relation may entrust the fiduciary with custody over property of one sort or another.  The question whether a fiduciary relationship existed between the defendant and the clients of the DEM-MET is a question of fact for you to decide.

If you find that the defendant was acting in a fiduciary capacity with respect to the DEM-MET's clients, you next must decide whether he violated his duties of good faith and fair dealing to those clients.  Because the fiduciary obtains access to property of another to serve the ends of the fiduciary relationship, a person who voluntarily undertakes to act as another's fiduciary must act solely in the interest of the other person with respect to the funds or property entrusted to him and not misappropriate the property for his own use.

Moreover, the law imposes on a person who undertakes to act as another's fiduciary an affirmative duty to

116

disclose fully and frankly to the client any material financial interest of his own in the transactions or business conducted on behalf of the client. Under these standards, a person commits a form of fraud if he (a) manages funds, securities, or other property of a client on the false pretense that he is acting solely in the interests of the client who entrusted him with the funds or other property, or (b) deliberately fails to disclose to the client his own material interest in the transactions which he conducts in a fiduciary capacity for that client.

I have used the word "material" in describing the kind of false statements or omissions that are wrongful under the various federal fraud statutes. We use the word "material" to distinguish between the kinds of statements we care about and those that have no real importance. In this context, a fact is material if there is a substantial likelihood that a reasonable client would have considered it important in making the decision to invest or to continue to invest with the investment adviser. That means if you find a particular statement of fact to have

117

been untruthful, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making a decision.

## COURT'S INSTRUCTION NO.57

### (Third Element - Requisite Intent)

The third element of the Investment Advisory Act charges that the government must establish beyond a reasonable doubt is that the defendant acted knowingly and willfully in devising or participating in the scheme or artifice to defraud.  I have previously instructed you concerning the meaning of the terms "knowingly" and "willfully," and you should follow those instructions in resolving this element of the Investment Advisory Act charges as well.

## COURT'S INSTRUCTION NO. 58

### (Fourth Element --
### Use of Mails or other Means or Instrumentalities of
### Interstate Commerce )

The final element that the government must prove beyond a reasonable doubt is that the defendant knowingly used or caused to be used either the mails, interstate wires, or any other instrumentality of interstate commerce, including any facility of a national securities exchange, either directly or indirectly, in furtherance of the scheme to defraud or the fraudulent conduct.

In connection with this final element, I instruct you that it is not necessary that the defendant be directly or personally involved in any mailing or interstate wire or telephone communication, or other use of an instrumentality of interstate commerce. If the defendant was an active participant in the scheme and took steps to engage in conduct which he knew or reasonably could foresee would actually and probably result in the use of such instruments of interstate commerce, then you

120

may find that he caused them to be used.

When one does an act with the knowledge that the use of the mails of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he causes such means to be used.

Nor is it necessary that fraudulent material, or anything criminal or objectionable, be sent by means of the instruments of interstate commerce.  The matter mailed or transmitted may be entirely innocent.

The use of the instruments of interstate commerce need not be central to the execution of the scheme, and may even be incidental to it.  All that is required is that the use of the instrument of interstate commerce bears some relation to the object of the scheme of fraudulent conduct.

## COURT'S INSTRUCTION NO. 59

### (Counts Twenty-Two through Twenty-Five -- The Indictment and the Statute)

Counts Twenty-Two through Twenty-Five of the Indictment charge that the defendant devised a scheme to defraud The Chapman Company, Chapman Capital Management, eChapman, Chapman On-Line, and Chapman Network of their right to the defendant's honest and faithful services as an officer, director and employee.  The Indictment also alleges that the scheme was devised to obtain money, funds and property owned by The Chapman Company, Chapman Capital Management, eChapman, Chapman On-Line, and Chapman Network by means of false pretenses.  The Indictment alleges that in furtherance of the scheme, the defendant caused interstate wires to be used – specifically, that the defendant caused Chapman Holdings, Chapman Capital Management and eChapman reports to be transmitted by wire from Maryland to the Securities & Exchange Commission in Washington, D.C.  I

122

described the elements of the wire fraud statute in connection with Counts One through Thirteen, which are:

First, that there was a scheme or artifice to defraud, as alleged in the Indictment;

Second, that a defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud, or that he knowingly and intentionally aided and abetted others in the scheme; and

Third, that in execution of that scheme, a defendant used or caused the use of interstate wires, or of the mails or private or commercial interstate carriers, as specified in the Indictment.

You should apply my earlier instructions with regard to these elements in considering whether the defendant is guilty of Counts Twenty-Two through Twenty-Five.

## COURT'S INSTRUCTION NO.60

### (Counts Twenty-Two through Twenty-Five – Alternative Theories and Need for Unanimity)

The government has charged that this business development check scheme to defraud was carried out in two ways: first, by obtaining funds that belonged to the specified corporations by means of false and fraudulent pretenses, representations, and promises; and second, by depriving the named companies of their right to the defendant's loyal, faithful, and unbiased service as an officer director or employee.

In determining whether the government has proved that this second scheme to defraud charged in the Indictment existed, I charge you that the government does not have to prove that the scheme to defraud was carried out by both of these means. Proof beyond a reasonable doubt that the scheme was carried out by one or the other of these means is enough. But in order to return a guilty verdict on these counts, you must

124

all twelve unanimously agree that the defendant carried out the second scheme to defraud by at least one of the means set out in the Indictment.  Once again, it would not be sufficient to return a conviction if six of you believed the defendant had executed the scheme to defraud by one of these means, and six of you believed he had executed it by the other means.  You must all twelve unanimously agree that the defendant violated the statute by one or more of the means alleged in order to return a verdict of "guilty" on this count.

## COURT'S INSTRUCTION NO.61

### (Counts Twenty-Two through Twenty-Five – Fiduciary Duty of Corporate Officer)

One of the means by which the Indictment charges that the defendant carried out the second scheme and artifice to defraud is that he deprived the companies named in Counts Twenty-Two  through Twenty-Five of their right to his own loyal, faithful, honest and unbiased service as an officer, director, and employee.

All of the named companies here were incorporated in Maryland or the District of Columbia.  I charge you that under both Maryland and District of Columbia law, corporate officers, directors and employees owe to the corporations they serve a duty of utmost care and loyalty  to the corporation and must not act for the benefit of the corporation in all matters within the scope of his employment and to avoid conflicts of interest

126

between his duty to his employer and his own self-interest.

Evidence that the defendant breached his duty to the corporations named in Counts Twenty-Two through Twenty-Five and through the actions alleged in the Indictment, may be considered by you in determining whether the government has established the first element of each of these wire fraud charges.

## COURT'S INSTRUCTION NO. 62

### (Counts Twenty-Six Through Thirty – The Indictment and the Statute)

Counts Twenty-Six through Thirty of the Indictment charge the defendant with subscribing to a false or fraudulent tax return. These counts allege that the defendant violated section 7206(1) of Title 26 of the United States Code, which provides that:

> Any person who willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter shall be guilty of a crime.

128

## COURT'S INSTRUCTION NO. 63

### (Statutory Purpose)

The system of tax collection in the United States relies upon the honesty of taxpayers. The government needs taxpayers to report timely, completely, and honestly all taxes they owe so that it can collect the taxes due.  Congress, therefore, has made it a criminal offense for a taxpayer to evade taxes, to file a false return, or to file no return, under certain circumstances.

## COURT'S INSTRUCTION NO. 64

### (Elements of the Offense)

In order to prove the defendant guilty of the offense charged in Counts Twenty-Six through Thirty of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant subscribed to, and filed or caused to be filed, a tax return.

Second, that the return contained a written declaration that it was made under penalty of perjury.

Third, that the defendant did not believe the return to be true and correct as to every material matter.

Fourth, that the defendant acted willfully.

## COURT'S INSTRUCTION NO. 65

### (First Element – Defendant Filed a Return)

The first element that the government must prove beyond a reasonable doubt is that the defendant subscribed and filed a tax return.

A tax return is subscribed to at the time it is signed.  A tax return is filed at the time it is delivered to the Internal Revenue Service.

## COURT'S INSTRUCTION NO. 66

### (Second Element – Return Was Filed Under Penalty of Perjury)

The second element that the government must prove beyond a reasonable doubt is that the return contained a written declaration that it was made under penalty of perjury.

To satisfy this element, the government must prove that on its face the return contained a statement indicating that the return was made under penalty of perjury.

## COURT'S INSTRUCTION NO. 67

### (Third Element – Return Was Materially and Knowingly False)

The third element that the government must prove beyond a reasonable doubt is that the defendant did not believe the return to be true and correct as to every material matter. To prove this element, the government must prove that the return was materially false and that the defendant knew that this was so.

An income tax return may be false not only by reason of understatement of income, but also because of an overstatement of lawful deductions or because deductible expenses are mischaracterized on the return.

The false statement in the return must be material. This means that it must be essential to an accurate determination of defendant's tax liability.

The government must also prove that the defendant knew that the statement was false. A person acts knowingly

133

when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

## COURT'S INSTRUCTION NO. 68

## (Fourth Element – Willfulness)

The fourth element that the government must prove beyond a reasonable doubt is that the defendant acted willfully.

In order for the government to prove this element, it must establish beyond a reasonable doubt that the defendant acted voluntarily and intentionally, with the specific intent to make a statement that the defendant knew was false, when it was the legal duty of the defendant to answer truthfully, and the defendant knew it was his legal duty to answer truthfully.

135

## COURT'S INSTRUCTION NO. 69

### (Counts Thirty-One and Thirty-Two – The Indictment and the Statute)

Counts Thirty-One and Thirty-Two charge the defendant with additional acts of mail fraud in furtherance of a scheme to defraud the Maryland State Retirement and Pension System of its right to the honest and faithful services of Deborah Humphries, who was a member of the Pension System's Board of Trustees.  Specifically, Counts Thirty-One and Thirty-Two charge the defendant with causing Humphries to file annual financial disclosure reports in 1999 and 2000 that failed to report cash payments and other benefits and gifts she had received from the defendant in 1998 and 1999.

I have previously instructed you concerning the elements of mail fraud in regard to Counts Fourteen through Seventeen, and you should apply those instructions in connection with these counts as well.  You should also apply my

136

previous instructions on aiding and abetting and causing an act to be done in connection with these counts.

I now instruct you that one who schemes to deprive citizens of the honest and faithful performance of an official's duties violates the mail fraud statute.  Schemes involving dishonesty by public officials come within the ambit of the mail fraud statute because such schemes defraud citizens of their right to honest and impartial government.

If you should find, beyond a reasonable doubt, after considering all the evidence, that the defendant devised a scheme in which Deborah Humphries breached a duty of honest services to the Maryland State Pension System, then you may find that the first element necessary to establish a violation of the mail fraud statute is satisfied with regard to Counts 31 and 32.  You may then proceed to consider the remaining two elements of the offense of mail fraud – knowing and willful participation in the scheme to defraud and use of the mails in furtherance of the scheme to defraud – based on the

137

instructions I have previously given you.

## COURT'S INSTRUCTION NO. 70

### (Good Faith as a Defense to False Statements Charges)

As I have previously instructed you, good faith is an absolute defense to certain of the charges in this case.

With regard to the various false statements charges in the Indictment – the charge in Count 18 of making a false statement to the SEC, the charges in Counts 26-30 of making false statements on his tax returns. I instruct you that a statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime. This is so even if the statement is, in fact, erroneous.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution. A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable

138

doubt.

COURT'S INSTRUCTION NO.  71

(Jury Deliberation)

I have now reached the third part of my instructions relating to the mechanics and procedure of your deliberations.

When you retire to the jury room, you will select one of yourselves to act as your foreperson.  The foreperson will preside over your deliberations and be your spokesperson here in Court.  When you have reached a unanimous verdict, please notify the bailiff.

As I noted earlier, you will render a verdict on whether the defendant has or has not been proven guilty.  After all of you

139

agree on the answer to the question on the verdict form, the foreperson should write the answer and initial and date the form.

After you have completed the verdict form, please advise the court, by sending a note through the Marshal, that you have reached a verdict.  When I receive that note, I shall have you return with your verdict to the courtroom.

You will then return to the Courtroom and the clerk, after taking roll call, will take your verdict.  He will ask if you have agreed upon your verdict.  You will say, "We have."  He will ask, "Who will speak for you?," and you will reply, "Our foreperson."  The clerk  will then ask your foreperson to give your verdict as to guilty or not guilty as to the count charged.

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed

by your foreperson, or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing; and I will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiff that he too, as well as all other persons, is forbidden to communicate in any way or manner with any members of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person - not even to the Court - how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the accused, until after you have reached an unanimous verdict.

The verdict must represent the considered judgment

141

of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for himself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges - judges of the facts.

142

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| United States of America, )<br><br>Plaintiff, )<br><br>v. )<br><br>Mark D. Lay, )<br><br>Defendant. ) | Case No. 1:07CR339<br><br>Judge David D. Dowd, Jr.<br>Magistrate Judge James S. Gallas<br><br>**DEFENDANT'S REPLY ON MR.**<br>**PERAS' TESTIMONY**<br>Richard M. Kerger (0015864)<br>KERGER & ASSOCIATES<br>33 S. Michigan Street, Suite 100<br>Toledo, Ohio 43604<br>Telephone: (419) 255-5990<br>Fax: (419) 255-5997<br><br>Percy Squire (0022010)<br>514 S. High Street<br>Columbus, OH  43215<br>Telephone: (614) 224-6525<br><br>Counsel for Defendant<br>  Mark D. Lay |

Defendant feels the Court is competent to assess Mr. Peras' physical condition but would hope in view of the fact that the defendant is facing a lengthy sentence if convicted; his counsel could review the same materials, under seal and without the right to disclose to anyone other than counsel without prior Court order. His condition may raise questions about his ability to recall, for example.    The

information could be provided to counsel for defendant tomorrow afternoon when he picks up the other materials.

Respectfully submitted,

/s/ Richard M. Kerger

RICHARD M. KERGER (0015864)


/s/ Percy Squire

PERCY SQUIRE (0022010)

Counsel for Defendant
   Mark D. Lay

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been electronically filed this 9th day of October, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's System.

/s/ Richard M. Kerger

2