DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mark D. Lay, | ) | |
| | ) | CASE NO. 1:12 CV 1216 |
| Petitioner-Defendant. | ) | (Criminal Case No. 1:07 CR 339) |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent-Plaintiff, | ) | |
| | ) | |

The Defendant-petitioner, has filed a motion to vacate his sentence and fine (ECF 224) based upon the recent decision of United States Supreme Court in *Morrison v. National Australia Bank, Ltd.*, __ U.S. __, 130 S.Ct. 2869 (2010). ECF 224. Counsel for the government has opposed the petition on the grounds that the one-year statute of limitations in 28 U.S.C. § 2255(f) requires a dismissal because the petitioner filed for relief on May 16, 2012, more than one year after the Supreme Court denied the petitioner's writ of certiorari on February 28, 2011. ECF 226. The government argues that the one-year statute of limitations begins to run on the date of the denial of the petition for writ of certiorari rather than the date of the denial of the motion for re-hearing. Secondly, the government contends that the Supreme Court's ruling in *Morrison*, *supra*, did not recognize a new, retroactive right.

In reply, the petitioner argues that there is no finality as to when the § 2255 motion is to be filed following a decision in the United States Supreme Court. Additionally, the petitioner argues that the rule of lenity should operate in favor of the petitioner given the fact that the petitioner's present counsel, Richard Kerger, was not involved in the initial appeals taken by the

(1:12 CV 1216
 Criminal Case No. 1:07 CR 339)

petitioner.  Mr. Kerger points to the fact that the appellate work was done by Attorney Percy Squire who was subject to a suspension of his right to practice during the time the petitioner should have been filing the instant action.  ECF 227.

Against the background of the uncertainty as to when the one-year statute of limitation begins to apply, together with the fact that petitioner's counsel was not involved in the petitioner's appeal, coupled with the fact of Percy Squire's suspension, coupled with the doctrine of lenity, the Court declines to deny Lay's § 2255 motion on the grounds that it was untimely filed.  However, the Court also declines to grant Lay's § 2255  motion, as urged by the petitioner, on the grounds that the government failed to address the substantive arguments of the motion.

The Court recognizes that the government contends that the ruling in *Morrison*, *supra*, is not applicable to the petitioner.  However, the Court finds it is premature to rule on that issue.  Consequently, the government is granted leave until Friday, September 14, 2012 to file a substantive response to the petition, and the petitioner is granted leave to file reply brief until Friday, October 5, 2012.

IT IS SO ORDERED.

| | |
|---|---|
|  August 16, 2012 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |