DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mark D. Lay | ) | |
| | ) | CASE NO. 1:12 CV 1216 |
| Petitioner-Defendant, | ) | (Criminal Case No. 1:07 CR 339) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

The defendant-petitioner has filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence and conviction anchored in the proposition that the decision of the United States Supreme Court in *Morrison v. National Australia Bank, Ltd*, 130 S. Ct. 2869 (2010) establishes that the district court lacked subject matter jurisdiction over offenses alleged against the petitioner. The motion of the petitioner sounding in 28 U.S.C. § 2255 has produced a flurry of briefs. ECF 226, 227, 229, 232, 237 and 238.

In the Sixth Circuit's published opinion affirming the petitioner's conviction, the circuit opined, in part, as follows:

> In order to [establish that Lay committed investment adviser fraud under these provisions], the government must prove beyond a reasonable doubt that the [Bureau] was Mark Lay's client with respect to its investment in the ... Active Duration Fund....
> A client is an individual or entity which compensates an investment adviser to provide advice directly or through publications or writings about the value of securities or the advisability of investing in, purchasing, or selling securities ....
>
> It is for you to determine as a matter of fact whether Mark Lay had an investment adviser-client relationship with the [Bureau] with respect to its investment in the ... Active Duration Fund. There are

(1:12 CV 1216
Criminal Case No. 1:07 CR 339)

>two possible outcomes of your determination on this issue.
>
>First, you could find that the government failed to prove beyond a reasonable doubt that Mark Lay had an investment adviser-client relationship with the [Bureau] with respect to its investment in the ... Active Duration Fund.
>
>Second, you could find that the government [has] proved beyond a reasonable doubt that Mark Lay did have an investment adviser-client relationship with the [Bureau] with respect to the [Bureau's] investment in the ... Active Duration Fund. You could make this finding in one of two ways. The defendant does not dispute that he was the investment adviser and the [Bureau] was his client with respect to the Long Fund which continued throughout the period of time at issue in the Superseding Indictment. Therefore, you could find that: 1) Lay established a second investment adviser-client relationship with the [Bureau] and he was the investment adviser to the [Bureau] with respect to both the Long Fund and the ... Active Duration Fund, or that 2) the investment adviser-relationship between Lay and the [Bureau] regarding the Long Fund was based on the investment of the monies in the Long Fund wherever it was invested and was not severed when Long Fund monies were invested in the ... Active Duration Fund.

Continuing, the circuit court's opinion stated:

>The district court denied Lay's motion for judgment of acquittal. The court held that sufficient evidence supported the existence of a fiduciary relationship between Lay and the Bureau as to its Active Duration Fund investment because Lay had a pre-existing fiduciary relationship with the Bureau as to its Long Fund investment, the Bureau intended its Active Duration Fund investment to "provide Lay with flexibility and investment management alternatives for half of the [Long Fund] monies in order to reduce the overall risk to the [Bureau] monies under Lay's control," the Bureau was not a passive investor in the Active Duration Fund, the Bureau had "regular and direct" communication with Lay about the Active Duration Fund, and the Bureau was the sole shareholder in the Active Duration Fund. 566 F.Supp.2d at 670-71.

2

(1:12 CV 1216
Criminal Case No. 1:07 CR 339)

Later, the circuit court opined as follows:

> As explained by the district court, "there is evidence in the record that the characteristics of an adviser-client relationship were present between defendant and the [Bureau] regarding the [Active Duration Fund]." Id. at 670. Lay has never disputed that he had an investment adviser-client relationship -- therefore a fiduciary relationship -- with the Bureau as to its Long Fund investment, and the evidence supports the conclusion that this relationship continued through the existence of the Active Duration Fund and encompassed the Bureau's Active Duration Fund investment. As Gasper testified, the Bureau invested in the Active Duration Fund to diversify existing investments, achieve positive returns regardless of market conditions, and increase returns above those the Bureau could achieve with the Long Fund alone. Capital Management, Inc.'s inclusion of the Active Duration Fund as "other assets" in its Long Fund reports indicates that the Active Duration Fund and the Long Fund were part of a single investment strategy and therefore part of the Bureau's single relationship with Lay. Unlike a typical hedge fund investor, the Bureau was the only investor in the Active Duration Fund at the relevant time and the Bureau had an active role in its Active Duration Fund investment, as indicated by McLean's meetings with Lay regarding that investment. The jury could therefore reasonably find, as a matter of fact, that Lay owed the Bureau a fiduciary duty as to the Active Duration Fund investment.

The Court finds that the teachings of *Morrison v. National Australia Bank, Ltd., supra*,

(1:12 CV 1216
Criminal Case No. 1:07 CR 339)

fail to support the proposition that this court lacked subject matter jurisdiction over the offenses alleged in the indictment.

As a consequence, the defendant's motion to dismiss is denied without prejudice.

IT IS SO ORDERED.

| | |
|---|---|
|   August 21, 2013 |   */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |